## George Ford v. The State.

No. 10559.    Delivered January 19, 1927.

Rehearing denied February 8, 1928.

**1.—Possessing Equipment, Etc.—Statement of Facts—Bills of Exception— Filed Too Late.**

The statement of facts and bills of exception in this record were filed more than ninety days after notice of appeal was given, and under Art. 760, C. C. P., cannot be considered.    See Bailey v. State, 282 S. W. 804.

ON REHEARING.

**2.—Same—Indictment—Held Sufficient.**

Where an indictment charged that appellant "Did then and there unlawfully possess equipment for the manufacture of liquor capable of producing intoxication, to-wit: whiskey," said indictment did not offend against Art. 1, Sec. 10, of the Constitution, and was sufficient.

**3.—Same—Continued.**

The law does not require minuteness of detail, but demands only that the particular offense be set out with such certainty that a presumptively innocent man, seeking to know what he must meet, may ascertain fully from the matters charged against him.    Generally speaking, it is sufficient to describe the offense, as it is described in the indictment.    See opinion on rehearing for requisites of indictment.    Harden v. State, 85 Tex. Crim. Rep. 220, and other cases cited on rehearing.    Also see Branch's Ann. P. C., Sec. 494.

Appeal from the District Court of Nolan County.    Tried below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction for possessing equipment, etc., for the manufacture of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*W. E. Martin* of Abilene, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Nolan County for the unlawful possession of equipment for the purpose of manufacturing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that the statement of facts and bills of exception were filed more than ninety days after notice of appeal was given, contrary to Art. 760, C. C. P., and for that reason we are unauthorized to consider same. Bailey v. State, 282 S. W. 804.

The indictment being regular, and no fundamental error appearing in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The sufficiency of the indictment is attacked upon the ground that it was indefinite. This is the language used:

"Did then and there unlawfully possess equipment for the manufacture of liquor capable of producing intoxication, to-wit, whiskey."

Appellant, through his counsel, presents an interesting argument, showing thought and research, insisting that the indictment offends against the Bill of Rights embraced in Art. 1, Sec. 10, of the Constitution, wherein it is said that "in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof; and that no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury."

The word "indictment" had a well-defined meaning at the time the Bill of Rights was adopted. It required a statement of the essential acts or omissions which constitute the offense with which the party is accused. All that is essential to constitute the offense must be explicitly charged and cannot be aided by intendment. The mere statement of a legal result or a conclusion of law will not be sufficient. The facts constituting the crime must be set forth so that the conclusions of law may be arrived at from the facts so stated. See Rodriguez v. State, 12 Tex. Crim. App. 552; Hewitt v. State, 25 Texas Reports 722.

Nine requisites of an indictment are set out in the statute, Art. 396, C. C. P., 1925. The seventh item reads thus:

"The offense must be set forth in plain and intelligible words."

This means more than that the accused must be charged in general terms with the commission of some crime. The indictment must particularize the acts or omissions complained of so that the identity cannot be mistaken. Alexander v. State, 27 Tex. Crim. App. 95. The elements of the offense should be so averred as to apprise the accused of the charge against him and to enable him to plead a judgment in bar of another prosecution for the same act. Jennings v. State, 88 Tex. Crim. Rep. 639. The law does not require minuteness of detail but demands only that the particular offense be set out with such certainty that a presumptively innocent man seeking to know what he must meet may ascertain fully therefrom the matters charged against him. Harden v. State, 85 Tex. Crim. Rep. 220; Stanford v. State, 99 Tex. Crim. Rep. 111. Generally speaking, it is sufficient to describe the offense as it is described in the statute. Burch v. The Republic, 1 Texas Rep. 608; Michie's Encyc. Digest of Texas Reports, Vol. 4, p. 311, and precedents collated. To this rule, however, there are many exceptions. Todd v. State, 89 Tex. Crim. Rep. 99; Branch's Ann. Tex. P. C., Sec. 494, and cases collated. If the language of the statute is itself completely descriptive of the offense, the indictment will be sufficient if it follows the statute. McFain v. State, 41 Texas Rep. 385, and other cases collated in Branch's Ann. Tex. P. C., Sec. 494.

In the present instance, the statute is followed. The offense denounced is the possession of "any equipment, still, mash, material, supplies, device or other thing for manufacturing intoxicating liquors." An indicitment charging each of these things in the conjunctive would come within the approved rule declaring that where an offense may be committed in several ways, it does not become duplicitous by charging all of them. This has been held under this particular statute. See Todd v. State, supra. So, in the present case, if the indictment had charged that the appellant possessed equipment, still, mash, materials, supplies, device or other thing for the manufacture of intoxicating liquors, it would have been obnoxious to no rule of which we are aware. If it had undertaken to use the language of the statute, "or other thing for manufacturing, etc.," it would have been bad for failing to name the thing. In other words, to charge that he possessed a "thing" without classifying it, would be indefinite, but to charge equipment—one of the

words used in the statute—has heretofore been held not indefinite. See Adams v. State, 287 S. W. 499; Harrison v. State, 279 S. W. 455; Rhodes v. State, 276 S. W. 100. The word "equipment" would include "the articles comprised in an outfit." Webster's New International Dictionary, p. 742. As used in the statute mentioned, we think it would embrace utensils usable for the manufacture of whiskey, whether assembled or not. The real substance of the offense is the intent—the purpose—for which they are possessed.

The motion for rehearing is overruled.                    *Overruled.*