JOHN POND v. THE STATE.

No. 13430.   Delivered October 29, 1930.
Rehearing denied December 3, 1930.
Reported in 32 S. W. (2d) 855.

The opinion states the case.

*Shelton & Shelton* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—The offense is bribery of a witness; the punishment, confinement in the penitentiary for three years.

In the motion to quash it was alleged that the indictment failed to charge appellant with the commission of any offense; that the offense was not set forth in plain and intelligible words; that the indictment was duplicitous; that it was not shown that a subpoena had been issued for the witness; and that "the article alleged to have been offered as a bribe is not set forth in plain and intelligible words."

Art. 175, P. C., reads as follows:

"Whoever shall bribe, or offer to bribe any witness in any case, civil or criminal, to disobey a subpoena or other legal process, or to avoid the service of the same by secreting himself, or by any other means, shall be confined in the penitentiary not less than two nor more than five years."

Art. 177, P. C., provides:

"By a 'bribe' as used throughout this code, is meant any gift, emolument, money or thing of value, testimonial, privilege, appointment or personal advantage, or the promise of either, bestowed or promised for the purpose of influencing an officer or other person, such as are named in this chapter, in the performance of any duty, public or official, or as an inducement to favor the one offering the same, or some other person."

An examination of the indictment discloses a direct averment that Willie Cooper was a material witness against appellant in a criminal case pending on the docket of the district court of Travis County, wherein appellant was charged with the offense of rape on the said Willie Cooper. It is expressly averred that no process had been issued for the witness, but that appellant well knew that said Willie Cooper was a material witness against him, and that she would be summoned as such and testify, unless service of process upon her was avoided. Touching the charge that appellant bribed the witness to avoid the service of process, it is alleged that appellant wilfully bribed the said Willie Cooper to go to the state of California "by paying the expenses of the said Willie Cooper from Travis County, Texas, to the state of California and by promising and offering the

said Willie Cooper the sum of fifteen dollars per week during the time she remained in the state of California." Further it is averred that appellant paid the expenses of said witness from Travis County to California, and that the payment of said expenses and the offer and promise of fifteen dollars per week occurred prior to the departure of the witness. The indictment concludes with allegations to the effect that the witness was induced by said payment and promise to pay on the part of appellant to go to the state of California; that she did go to the state of California; and that appellant intended "then and there to thereby bribe the said Willie Cooper to avoid the process of said district court when the same should be issued requiring her to appear as a witness."

It is observed that the indictment charges appellant with bribing the witness to avoid the service of a subpoena. The statute denounces such act as an offense. Therefore, the contention that the indictment fails to charge the commission of an offense can not be sustained. Scoggins v. State, 18 Tex. Crim. Rep. 298.

It is provided by statute that everything shall be stated in the indictment which it is necessary to prove. Art. 397, C. C. P. Stated in another way, all that is essential to constitute the offense must be explicitly charged and can not be aided by intendment. The facts constituting the offense must be set forth so that the conclusions of law may be arrived at from the facts so stated. Ford v. State, 108 Tex. Cr. R. 626, 2 S. W. (2d) 265, 266; Rodriguez v. State, 12 Tex. App. 552; Hewitt v. State, 25 Texas 722. In Ford v. State, supra, it was said:

"The law does not require minuteness of detail, but demands only that the particular offense be set out with such certainty that a presumptively innocent man seeking to know what he must meet may ascertain fully therefrom the matters charged against him."

Again, in the same case, it was said:

"The indictment must particularize the acts or omissions complained of so that the identity can not be mistaken. The elements of the offense should be so averred as to apprise the accused of the charge against him and to enable him to plead a judgment in bar of another prosecution for the same act."

Applying the rules controlling, the opinion is expressed that the alleged act of bribery was particularized and described with such certainty that a presumptively innocent man could have ascertained fully from the indictment the matters charged against him.

Appellant was not indicted for offering to bribe the witness to disobey a subpoena or other legal process. It was charged, as

hereinbefore stated, that appellant bribed the witness to go to the state of California for the purpose of avoiding a subpoena. It is the rule that if the accused be indicted for offering a bribe to a witness to disobey a subpoena or other legal process, the indictment must allege the issuance of a subpoena or other legal process, but if the bribe is offered to induce a witness to avoid the subpoena or other legal process it is not necessary for the indictment to allege the issuance of the subpoena or other process. Scoggins v. State, supra.

It was not essential that the indictment should allege the kind or value of the money paid as a bribe. Leeper v. State, 15 S. W. 411.

The indictment is plainly not duplicitous. Duplicity is the "joinder in the same count of two or more separate offenses, or the joinder in the same count of two or more phases of the same offense where the punishment is different." Branch's Annotated Penal Code, Section 506. The count under which appellant was convicted charges a single offense, that is, bribery of a witness to induce her to avoid a subpoena.

An accomplice testified that appellant paid the expenses of Willie Cooper from Travis County to California, and that pursuant to an agreement with appellant, he carried the witness in an automobile to California. He testified further that appellant told Willie Cooper before she left Travis County that he would pay her expenses to California and would give her fifteen dollars a week while she was away. It appears further from the testimony of the accomplice that appellant stated to Willie Cooper that he wanted her to go to California for the purpose of avoiding a subpoena in a case then pending in the district court charging him (appellant) with the offense of rape. Other witnesses, as well as the accomplice, testified that the mother of appellant, at appellant's instance, transferred an automobile to the accomplice to be used in carrying the witness to California. Several witnesses testified to facts and circumstances corroborating the testimony of the accomplice in its entirety. That there was a case pending in the district court of Travis County charging appellant with rape on Willie Cooper in which no subpoena had been issued at the time of the departure of the witness for California was uncontroverted. Testifying as appellant's witness, Willie Cooper declared that appellant had not induced her to go to California. The evidence is deemed sufficient.

The judgment is affirmed.

*Affirmed.*

58

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The sufficiency of the corroboration of the accomplice, Charley Screws, is questioned in the motion. Our re-examination of the record leaves us of the opinion that the corroborative testimony is ample.

The motion is overruled.

*Overruled.*

HAWKINS, J., absent.