EX PARTE ENCARNACION VASQUEZ.

No. 15434.   Delivered January 11, 1933.
Reported in 56 S. W. (2d) 190.

The opinion states the case.

*T. C. Johnson Jr.*, of San Marcos, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—This is an original habeas corpus by which relator seeks release from confinement by virtue of a capias pro fine issued from the County Court of Hays County. The record discloses that relator was convicted in the corporation court of the city of San Marcos on a complaint charging him with the offense of peddling on the streets of said city, and on appeal to the county court he was again convicted and his punishment assessed at a fine of $10 and costs; capias pro fine issuing as a result.

Among the grounds of his application is that the complaint upon which the prosecution is based is void in that the allegations thereof are too vague, uncertain, and indefinite to charge any offense; and, second, because said complaint charges no offense denounced either by the state statute or, by the ordinance of the city of San Marcos, and consequently all proceedings herein are void.  There being no appeal further than the county court of Hays county, we have issued this writ.

The charging part of said complaint is as follows: "Encarnacion Vasquez did then and there unlawfully peddle upon the public streets of San Marcos, Texas, same being a violation of the city ordinance of the city of San Marcos, Texas; also operating a truck for wages contrary to the ordinance of said city of San Marcos, Texas, and against the peace and dignity of this State."

Under the agreed statement filed herein, it is agreed that

the conviction in both courts was under and by virtue of the alleged violation of article 71 of the Revised Criminal Ordinances of the city of San Marcos, which said article in part provides as follows:

"Art. 71. It shall be unlawful for any person or persons to sell or offer to sell from any wagon, hack, cart, pushcart or vehicle of any kind or from any table, bench, box, counter or receptacle of any kind whatever, standing or being in or upon the public square, the public streets, alleys, or sidewalks of the City of San Marcos; or any article of merchandise of any kind whatsoever, or for any person or persons to pursue or offer to pursue the business of a seller, vendor or merchant of merchandise of any kind whatsoever on the public square, streets, alleys, or sidewalks of the City of San Marcos.

"Any person or persons violating any of the provisions of this article shall, upon conviction, be fined in any sum not less than ten and not more than one hundred dollars; provided, it shall not be unlawful for any person or persons to sell or offer to sell upon the public square, streets, alleys, or sidewalks of the city, country produce or products of the dairy, which said country produce and products of the dairy are produced by his own care, labor, attention or supervision; nor shall this article apply to any article which is made or manufactured by the seller thereof in person."

It will be noted that nowhere in said ordinance is it made an offense to operate a truck for wages, and therefore it becomes unnecesary to consider the sufficiency of the complaint in regard thereto.

We do not construe said article 71, the criminal ordinance of the city of San Marcos under which appellant was tried, as absolutely prohibiting peddling upon the public streets of said city, because it especially provides that it shall not be unlawful for any person or persons to sell or offer to sell upon the public square, streets, etc., of said city, country produce or products of the dairy, which said country produce and products of the dairy are produced by the seller's skill, labor, attention or supervision, nor to any article which is made or manufactured by the seller thereof in person. This article considered in its most favorable light makes it unlawful for (1) any person or persons to sell or offer to sell from any wagon, hack, cart, pushcart, or vehicle of any kind or form, any table, bench, box, counter or receptacle of any kind whatever, standing or being in or upon the public square, public streets, alleys, or sidewalks of the city of San Marcos; or any article of merchandise of

any kind whatever; (2) it makes it unlawful for any person or persons to pursue or offer to pursue the business of a seller, vendor, or merchant of merchandise of any kind whatever on the public square, streets, alleys, or sidewalks of the city of San Marcos, except those articles exempted under said ordinances.

The only attempt to charge an offense under said article is that relator did unlawfully peddle upon the streets of San Marcos. There are no allegations in the complaint either that relator sold merchandise from a vehicle, etc., standing or being in the streets, or that he pursued the business of vender of merchandise on the streets. The said complaint sets out merely a conclusion of law that the relator peddled upon the streets, when it should have alleged in plain and intelligible words the particular act or thing done which warranted the conclusion.

As stated by this court in the recent case of Jones v. State, 118 Texas Crim. Rep., 106, 38 S. W. (2d) 587: "Under our statute all that is essential to constitute the offense must be sufficiently charged and cannot be aided by intendment. The facts constituting the offense must be set forth so that the conclusions of law may be arrived at from the facts so stated. Articles 396 and 397, C. C. P.; Ford v. State, 108 Texas Crim. Rep., 626, 2 S. W. (2d) 265. While the law does not require minuteness of detail, it demands that the particular offense be set out with such certainty that a presumptively innocent man seeking to know what he must meet may ascertain fully therefrom the matters charged against him. Ford v. State, supra; Harden v. State, 85 Texas Crim. Rep., 220, 211 S. W., 233, 4 A. L. R., 1308; Middleton v. State, 114 Texas Crim. Rep., 263, 25 S. W. (2d) 614."

In Ex parte Jonischkies, 88 Texas Crim. Rep., 574, 227 S. W., 952, Judge Lattimore states therein that it is fudamental that the complaint must state facts which, if true, amount to a violation of law. In Waldon v. State, 12 Texas App., 117, it was held that an information for vagrancy charging defendant with being a vagrant within the meaning of the law was insufficient, and that the facts must be more specifically set forth.

From the above authorities, it is fundamental that the complaint must state facts which, if true, amount to a violation of the law. For the reason that the complaint in the instant case does not measure up to this fundamental requirement, it is void.

The release prayed for is granted, and the sheriff of Hays county is directed to release relator from the restraint of said capias pro fine. *Relief prayed for granted.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.