## WYLIE McNATT v. THE STATE.

No. 18017.    Delivered March 11, 1936.

The opinion states the case.

*E. B. Simmons* and *W. H. Blanton,* both of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of accepting a bribe, and his punishment was assessed at confinement in the state penitentiary for a term of five years.

The record is before us without any statement of facts or bills of exception. The only contention which the appellant makes is that the court erred in overruling his motion in arrest of judgment because of a defective indictment: "that Wylie McNatt, on or about the 31st day of July A. D. 1934, and anterior to the presentment of this indictment in the county of Fayette and the State of Texas, was a duly qualified and acting ranger of the State of Texas, and as such ranger, he, the said Wylie McNatt, F. B. Hild and Earl Zittleman did then and there unlawfully, willfully and corruptly accept from Jaroslav Krhovjak a bribe, in this, the said Wylie McNatt, as ranger aforesaid, then and there had in his lawful custody the said Jaroslav Krhovjak, a prisoner, and the said Wylie McNatt, F. B. Hild and Earl Zittleman, did then and there unlawfully, willfully and corruptly accept from the said Jaroslav Krhovjak, the sum of One Hundred Dollars in money, the bribe being then and there offered by the said Jaroslav Krhovjak, and accepted by the said Wylie McNatt, ranger as aforesaid, and the said F. B. Hild and Earl Zittleman, upon the agreement and with the understanding between them the said Wylie McNatt, F. B. Hild and Earl Zittleman and the said Jaroslav Krhovjak, that the said Wylie McNatt, F. B. Hild and Earl Zittleman would

permit the said Jaroslav Krhovjak, prisoner as aforesaid, to escape from said lawful custody."

By motion in arrest of judgment the appellant questioned the sufficiency of the indictment upon the following grounds: first, that it fails to name two of the defendants, F. B. Hild and Earl Zittleman, in the charging portion of the indictment, and later impleads them as codefendants; second, that the indictment fails to set out with sufficient particularity the lawful custody of the prisoner and fails to state with what offense, if any, said prisoner was charged; third, that it fails to allege that the prisoner was in the lawful custody of the defendant, nor does it set out defendant's authority and right of making arrest; fourth, that it fails to allege whether an offense had been committed by the prisoner, or that the defendant violated a duty in failing to file a complaint against the prisoner.

The fact that the indictment fails to charge the appellant's codefendanlts with being officers engaged in the discharge of an official duty might render the indictment insufficient so far as it relates to them, yet this would be of no avail to the appellant who was charged with being a duly qualified and acting Texas ranger; and who, together with the two other parties named in the indictment, accepted a bribe of one hundred dollars from the prisoner, who was in their custody, in consideration of permitting the prisoner to escape. In the case of Moseley v. State, 25 Texas App., 515, this court said: "We are of the opinion that, in a prosecution for this offense, it is not permissible for the defendant to question the legality of his custody of the prisoner. Such an issue is irrelevant and immaterial." Whether the custody is legal or illegal shall not be questioned by the appellant. "The law abhors even a tendency to official corruption, and it is * * * not the illegal arrest and detention of a citizen." In the case of Florez v. State, 11 Texas App., 103, this court said: "Ed. S. Lyell, the person to whom the bribe was offered, was deputy sheriff de facto and not de jure. Was the State required to prove under the indictment that he was deputy sheriff de jure; or was the allegation in the indictment supported by proof that he was merely deputy de facto? In governmental affairs a man frequently holds and exercises an office to which he has not been duly appointed. If, however, he performs the duties of the office under color of title, he is an officer de facto, and his official acts are binding on others. And if indicted for malfeasance in office, he will not be heard to object that he is an officer de jure; because, acting in that capacity, he is estopped from

denying his right to act." In the instant case it was charged that appellant was at the time a duly qualified and acting ranger of the State of Texas and as such ranger did then and there unlawfully, willfully and corruptly accept a bribe. We think the allegation sufficient.

Whether an offense has been committed by the prisoner was not for the appellant to determine but for the judiciary. If the appellant had reason to believe that an offense had been committed whether actually committed or not, and arrested the prisoner, or had him in custody as alleged in the indictment in the instant case, we think it to be sufficient. See Davis v. State, 275 S. W., 1060; Williams v. State, 100 Texas Crim. Rep., 318; Minter v. State, 70 Texas Crim. Rep., 634, 159 S. W., 286.

In the case of· Ford v. State, 108 Texas Crim. Rep., 626, 2 S. W. (2d) 265, this court said: "The law does not require minuteness of detail, but demands only that the particular offense be set out with such certainty that a presumptively innocent man seeking to know what he must meet may ascertain fully therefrom the matters charged against him." Testing the indictment by the foregoing rule, we feel that it meets all its requirements in that it charged him with being a Texas ranger and informed him of having had Krhovjak, a prisoner, in custody as well as the time and place of accepting a bribe to permit said prisoner to escape. We think the indictment sufficient, definite, and certain to advise him of what he was required to meet and, therefore, overrule appellant's objection.

The second motion in arrest of judgment need not be discussed because it was not filed within the time prescribed by law. See Art. 762, C. C. P.; Burnett v. State, 228 S. W., 239.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.