POWEL (WIG) WHEATLEY V. THE STATE.

No. 19021. Delivered May 19, 1937.

The opinion states the case.

*E. T. Adams,* of Glen Rose, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is offering to bribe a witness; the punishment, confinement in the penitentiary for two years.

Omitting the formal parts, the indictment reads as follows:

"Powel (Wig) Wheatley, on or about the 22nd day of November, A. D. One Thousand Nine Hundred and Thirty Six, and anterior to the presentment of this indictment, in the County of Bosque, state aforesaid, did then and there unlawfully, wilfully and corruptly offer to bribe J. O. Sellers, a witness, in this the said J. O. Sellers was then and there a witness in certain criminal cases then pending in the county court of Bosque County, Texas, wherein the State of Texas was plaintiff and the said Powel (Wig) Wheatley was defendant, being Nos. 5887 and 5889 on the docket of said court; and the said Powel (Wig) Wheatley did then and there offer to pay the railroad fare and expenses of the said J. O. Sellers *to avoid the service of subpoenas which had been legally issued* for the said J. O. Sellers *to appear and testify as a witness in said cause, by then and there secreting himself and by then and there leaving the County of Bosque and going to and into the County of Dallas, Texas.*" (Italics ours).

Art. 175, P. C., reads as follows:

"Whoever shall bribe, or offer to bribe any witness in any case, civil or criminal, to disobey a subpoena or other legal process, or to avoid the service of the same by secreting himself, or by any other means, shall be confined in the penitentiary not less than two nor more than five years."

It is the rule that if the accused be indicted for offering a bribe to a witness to disobey a subpoena or other legal process, the indictment must allege the issuance of a subpoena or other legal process, but if the bribe be offered to induce a witness to avoid the subpoena or other legal process it is not necessary for the indictment to allege the issuance of a subpoena or other process. Pond v. State, 32 S. W. (2d) 855.

In the present indictment it is expressly averred that subpoenas had been legally issued for the witness, and that appellant sought to bribe said witness to avoid the service of such subpoenas. We are of opinion that it was incumbent upon the State to prove such averments. When we look to the state-

ments of facts we find that J. O. Sellers testified that appellant came to his home on the 22nd of November, 1936, and offered to pay his expenses to Dallas if he would not be present as a witness on the occasion of appellant's trial. It does not appear that at the time this offer was made there were any outstanding subpoenas for Sellers. On the contrary, the evidence shows that subpoenas had been issued commanding the appearance of the witness in court on the 19th of November, 1936. These subpoenas were never served on the witness, but were returned by the sheriff and filed by the clerk November 18, 1936. The witness was not under process. When the cases were called for trial on November 19th they were passed. No further process was issued for the witness. In view of the fact that there were no outstanding subpoenas for the witness on the 22nd of November, we are of opinion that the proof on the part of the State failed to sustain the allegation that the bribe was offered the witness to induce him to avoid the service of subpoenas which had been legally issued.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.