### C. D. PARKER V. THE STATE.

No. 19536.   Delivered March 16, 1938.

The opinion states the case.

*Nat Gentry, Jr.*, of Tyler, and *M. H. Barton*, of Overton, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is tapping a pipe line; the punishment, confinement in the penitentiary for one year.

The indictment failed to aver the manner in which connection with the pipe line was made. Chapter 219, Acts of 1933, 43d Legislature, provides, in part, as follows:. "The term 'Tapping' as used in this Act, is the making of any connection with a pipe line, conduit, or storage tank constructed for the purpose of transporting or storing crude oil, gasoline, naphtha, natural gas, casinghead gas, or any petroleum product whereby such crude oil, gasoline, naphtha, natural gas, casinghead gas, or any petroleum product is permitted or caused to escape from such pipe line, conduit or storage tank, whether such connection be made by opening a valve therein, removing any plug or other apparatus therefrom, or by drilling or making a hole therein, or by adopting any other means whereby any such contents of such pipe line, conduit, or tank, is permitted to escape."

Appellant's motion to quash should have been sustained.

One who wilfully imputes a want of chastity to a female is guilty of the offense of slander, but the indictment is fatally defective when it fails to set out the language charged to have been used by the accused. LaGrone v. State, 12 Texas App. 427. An indictment charging the "disturbance of religious worship" which merely follows the language of the statute does not comply with the law. Lockett v. State, 40 Texas 5; Thompson v. State, 16 Texas App. 159. Also, an indictment charging pandering must designate the acts of the accused instead of relying upon the conclusion that he procured the inmate. Kennedy v. State, 216 S. W. 1086.

Under the authorities cited, we are of opinion that it would do violence to the rules followed by this Court to hold the indictment sufficient.

The judgment is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.