SAM BASSETT V. THE STATE.

No. 21013. Delivered April 17, 1940.

The opinion states the case.

*J. S. Bracewell*, of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

GRAVES, JUDGE.

Appellant was convicted of an offense relative to the proper registration of a motor vehicle, and fined the sum of $25.00, hence this appeal.

Article 804 of the Penal Code reads as follows: "Whoever operates upon any public highway a motor vehicle which has

not been registered as required by law shall be fined not to exceed two hundred dollars."

In order to find that which is required by law relative to the registration of such automobiles we are relegated to the civil statutes. Article 6675a-2 of Vernon's Ann. Civil Statutes, reads as follows: "Every owner of a motor vehicle, trailer or semi-trailer, used or to be used upon the public highways of this State, and each chauffeur shall apply each year to the State Highway Department through the county tax collector of the county in which he resides for the registration of each such vehicle owned or controlled by him, or for a chauffeur's license, for the ensuing or current calendar year or unexpired portion thereof * * *."

The information, which follows the complaint, reads in the part pertinent hereto as follows: "* * * did then and there unlawfully operate, and cause and permit to be operated, upon a public street and highway in Harris County, Texas, a motor vehicle, to-wit: an automobile truck and having attached thereto two license plates of the State of Texas being numbered 30c/m795, which motor vehicle had not been theretofore registered as required by law in this: that said motor vehicle had theretofore on the 28th day of March A. D., 1939, been registered in Chambers County, Texas, for the license year 1939 by the said Sam Bassett Lumber Company, a corporation, with its principal office and place of business in Houston, Harris County, Texas; the said Sam Bassett Lumber Company, a corporation, not then and there having its principal office and place of business in Chambers County, Texas; * * *."

We gather from the allegations that appellant is charged with registering his truck in Chambers County, but is not charged therein with not registering the same in Harris County. Inferentially it might be deduced that he had not registered the same in Harris County because same was registered in Chambers County, but the rules of good pleading demand that the matter charged against an accused shall be pleaded with certainty and not be pleaded inferentially. The appellant may have registered this car truck in two counties, and the mere fact that he registered same in Chambers County does not mean that he had not registered the same in Harris County. The gist of the offense is not that he registered such truck in Chambers County, but the violation of the law arises only when he fails to register such truck in Harris County. The complaint and information are defective in that they do not allege that said

truck was not registered in Harris County, the county of appellant's residence, etc.

In Ex parte Jonischkies, 88 Texas Crim. Rep. 574, 227 S. W. 952, we said that it is fundamental that the complaint must state facts which, if true, amount to a violation of the law. In Ex parte Vasquez, 56 S. W. (2d) 190, it is said: "As stated by this court in the recent case of Jones v. State, 118 Tex. Cr. R. 106, 38 S. W. (2d) 587, 588; 'Under our statute all that is essential to constitute the offense must be sufficiently charged and cannot be aided by intendment. The facts constituting the offense must be set forth so that the conclusions of law may be arrived at from the facts so stated. Articles 396 and 397, C. C. P.; Ford v. State, 108 Tex. Cr. R. 626, 2 S. W. (2d) 265. While the law does not require minuteness of detail, it demands that the particular offense be set out with such certainty that a presumptively innocent man seeking to know what he must meet may ascertain fully therefrom the matters charged against him. Ford v. State, supra; Harden v. State, 85 Tex. Cr. R. 220, 211 S. W. 233, 4 A. L. R. 1308; Middleton v. State, 114 Tex. Cr. R. 263, 25 S. W. (2d) 614.' "

It is our opinion that the complaint and information are defective and should have been quashed.

The judgment is therefore reversed and the prosecution ordered dismissed.