W. G. STREET V. THE STATE.

No. 22191. Delivered June 17, 1942.

The opinion states the case.

*Clayton & Bradley,* of Amarillo, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The conviction is for operating an oversized vehicle upon a public highway; the punishment, a fine of $25.00.

The information, in its charging part, reads as follows: "did then and there unlawfully as owner, caused and permitted an oversized vehicle to be driven, operated and moved upon a highway in Donley County, Texas, to-wit; the public highway leading from Clarendon to Goldston and commonly known as State Highway No. 18, without having a permit issued by the Texas Highway Department or under its direction and without having a designated route marked off by the State Highway Department or under its direction."

By motion to quash, appellant attacked the sufficiency of the information as being vague, indefinite, and as failing to charge any offense.

The information was subject to the defects charged. The motion to quash should have been sustained.

The provisions of Art. 827a, Sec. 3, P. C., under which this prosecution was had, make it unlawful to operate, upon the public highways of this State, vehicles of size or weight exceeding certain limitations. The limitations appear in said Article and govern the width, length and height of the vehicles. The term "oversized," as used in the information, is not known to, and does not appear in, the statute. Whether such term has reference to width, length or height of the vehicle is not suscep-

tible of ascertainment. Such fact demonstrates the vague and indefinite allegations upon which the State relied and obtained this conviction.

An accused is entitled to know, from the State's pleading, the nature of the accusation against him and wherein he is alleged to have violated the law. Parker v. State, 114 S. W. (2d) 906, 134 Tex. Cr. R. 138; Gutierrez v. State, 68 S. W. (2d) 198, 125 Tex. Cr. R. 283; Ex parte Vasquez, 56 S. W. (2d) 190, 122 Tex. Cr. R. 475; Monroe v. State, 157 S. W. (2d) 648.

From what we have said, it follows that the judgment of the trial court is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.