James Andrew POSEY, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 53191, 53207 and 53208.

Court of Criminal Appeals of Texas.

Jan. 5, 1977.

Tom Mills, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Gary Love and Robert C. Hinton, Jr., Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

These are appeals from convictions for the offense of obtaining a controlled substance by misrepresentation, fraud, deception, and subterfuge, in violation of Section 4.09(a)(3) of the Controlled Substances Act. The punishment assessed in each case is imprisonment for 5 years.

In Cause No. 53,191, the appellant waived indictment and was prosecuted on an information. He then waived a jury trial, entered a plea of guilty before the court, and made a judicial confession that the allegations in the information were true and correct. In Cause Nos. 53,207 and 53,208, the appellant was prosecuted by indictment; he waived jury trials, entered pleas of guilty before the court, and made judicial confessions that the allegations in the indictments were true and correct.

■ Briefs filed in Cause Nos. 53,207 and 53,208 state that the appeals are wholly without merit and are frivolous. We agree that these appeals are frivolous and they will be affirmed. In Cause No. 53,191, the appellant asserts that the evidence is insufficient to support the judgment. We do not reach this contention since in our review in the interest of justice as required by Article 40.09, Sec. 13, V.A.C.C.P., we find the information in Cause No. 53,191 is fatally defective; the judgment in that cause must be reversed.

Section 4.09(a)(3) of the Controlled Substances Act provides:

"(a) It is unlawful for any person knowingly or intentionally:

\* \* \* \* \* \*

"(3) to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge."

The information, omitting its formal parts, alleges that the appellant on or about January 31, 1976, did unlawfully

". . . then and there knowingly and intentionally acquire and obtain possession of a controlled substance, namely: Parest, by misrepresentation, fraud, deception, and subterfuge, in that he, the said defendant, did then and there present to Paul Kamleiter, a pharmacist, a prescription purporting to prescribe said controlled substance for Donna Renner."

■ The facts constituting an offense denounced by a statute should be alleged so that the conclusion of law may be arrived at from the facts stated. *Stribling v. State,* 129 Tex.Cr.R. 656, 91 S.W.2d 735 (1936); *Pond v. State,* 116 Tex.Cr.R. 54, 32 S.W.2d 855 (1930); *Jones v. State,* 118 Tex.Cr.R. 106, 38 S.W.2d 587 (1931). The pleading must state facts which if true show a violation of the law. *Ex parte Vasquez,* 122 Tex.Cr.R. 475, 56 S.W.2d 190 (1933); *Bassett v. State,* 139 Tex.Cr.R. 65, 139 S.W.2d 267 (1940); *Taubert v. State,* 146 Tex.Cr.R. 582, 176 S.W.2d 955 (1944). Although it is generally sufficient to allege an offense in the terms of the statute without alleging additional facts, if it is the manner and means by which an act is done that makes the otherwise innocent act a criminal offense, it is necessary to allege facts showing the manner and means which make the act a criminal offense. See *Bush v. State,* 97 Tex.Cr.R. 219, 260 S.W. 574 (1924); *Terry v. State,* 471 S.W.2d 848 (Tex.Cr.App.1971); *Reeves v. State,* 144 Tex.Cr.R. 270, 162 S.W.2d 705 (1942); *Parker v. State,* 114 S.W.2d 906 (Tex.Cr.App.1938); *Kennedy v. State,* 86 Tex.Cr.R. 450, 216 S.W. 1086 (1919).

■ The State recognized that it was necessary to allege additional facts which would lead to the legal conclusion that the appellant knowingly and intentionally acquired and obtained possession of a controlled substance by misrepresentation, fraud, deception, or subterfuge. In attempting to allege these additional facts

the State alleged ". . . in that he, the said defendant, did then and there present to Paul Kamleiter, a pharmacist, a prescription purporting to prescribe said controlled substance for Donna Renner . . . ," but those facts alleged without more, allege only a non-criminal act—not a criminal offense. It is not a criminal offense to obtain a controlled substance for a friend or family member by presenting to a pharmacist a prescription prescribing a controlled substance for that friend or family member which had been properly obtained.

Proof of the facts alleged in the instant information would not show that the controlled substance was obtained by misrepresentation, fraud, deception, or subterfuge. In order to prove that a criminal offense was committed it would be necessary to prove additional facts. Article 21.03, V.A.C.C.P., provides that everything should be stated in an indictment which is necessary to be proved. The information in Cause No. 53,191 fails to allege a criminal offense, and even though it was not attacked in the trial court, it is fundamentally defective and requires that we reverse this judgment of conviction. *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex.Cr.App. 1974).

In contrast with the information in Cause No. 53,191, the indictments in Cause Nos. 53,207 and 53,208 do allege sufficient facts. The indictment in Cause No. 53,207, in pertinent part, alleges that the appellant:

". . . did unlawfully, then and there knowingly and intentionally acquire and obtain possession of a controlled substance, namely, PHENMATRAZINE, by misrepresentation, fraud, deception and subterfuge, in that he, the said defendant, did then and there present to Gary Yenn, a pharmacist, a prescription for said controlled substance, said prescription purporting to prescribe said controlled substance for Beverly Cole, but which said prescription was then and there forged in that it then and there purported to be but had not been written and signed by Kenneth H. Baldwin, and

the said prescription was then and there of the tenor following:"

This count of the indictment then incorporated a photographic copy of the prescription purportedly signed by Kenneth H. Baldwin. The indictment in Cause No. 53,-208 is substantially the same as that in Cause No. 53,207. See also the forms suggested in 4 Branch's P.C., 3rd ed., p. 258, and Morrison and Blackwell, New Penal Code Forms, Sec. 4.09, p. 85.

The judgments are affirmed in Cause Nos. 53,207 and 53,208.

The judgment in Cause No. 53,191 is reversed and the information is ordered dismissed.

Opinion approved by the Court.