TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00631-CR







The State of Texas, Appellant



v.



Eugene Jackie Lanzl, Appellee







FROM THE COUNTY COURT AT LAW OF COMAL COUNTY 


NO. CR94-133, HONORABLE FRED CLARK, JUDGE PRESIDING







PER CURIAM


 The State appeals from an order of the county court at law granting appellee's
motion to quash the information in this cause. Tex. Code Crim. Proc. Ann. art. 44.01(a)(1)
(West Supp. 1995); State v. Moreno, 807 S.W.2d 327 (Tex. Crim. App. 1991). The information
accuses appellant of harassment pursuant to Penal Code section 42.07(a)(7). Tex. Penal Code
Ann. § 42.07(a)(7) (West 1994). (1) The information reads, in pertinent part:


Eugene Jackie Lanzl, hereinafter referred to as "Defendant," did, with intent to
harass, annoy, alarm, abuse, torment, or embarrass Mary Elson, on more than one
occasion engaged [sic] in conduct directed specifically toward the said Mary Elson,
that was reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass
the said Mary Elson, to-wit: on at least one of the said occasions, the said
Defendant by acts or words threatened to inflict bodily injury on the said Mary
Elson, namely on or about the 20th day of August, 1993, in the County of Comal
and the State of Texas, the said Defendant did then and there threaten to strike the
said Mary Elson and the said Mary Elson reported the conduct to the Comal
County sheriff's office on the 20th day of August, 1993, and, further, on at least
one of the said occasions after the making of the said report, the said Defendant
engaged in said conduct, namely, on the 13th day of January, 1994, in the County
of Comal and the State of Texas, the said Defendant shined the headlights of a
motor vehicle through a window of the said Mary Elson's residence at night.



(Italics added.)

 Appellee's motion to quash was directed to the emphasized portion of the
information and complained that it "does not identify relative to what kind of conduct the
defendant engaged in on January 13, 1994 which specifically related to any of the subparagraphs
set out in art. [sic] 42.07 of the Tex. Penal Code as being an act or action prohibited by said
article." Counsel sought to explain this complaint as follows:


MR. SCHROEDER:  Right, it [section 42.07(a)(7)(C)] says described by this
subdivision, though, and what is it that -- which subdivision is it referring to?


 If it's referring to any of the subdivisions in that 42.07, in reading that
that's not what he did according to the allegations. And if that relates, then, back
to (B), in other words, you've got to again intentionally threaten to inflict injury,
or a member of the family, that sort of thing. Then I think that's where it would
come into play.


 But I don't think shining a light through a window is sufficient, Judge.


THE COURT:  I think the subdivision referred to is subdivision (7)(A).


MR. SCHROEDER:  (7)(A), right, uh-huh.


THE COURT:  Which would be conduct directed specifically toward the other
person that's reasonably likely to alarm that person or embarrass that person. Any
conduct that would reasonably believe.


MR. SCHROEDER:  Uh-huh.


THE COURT:  In addition to this threat, another threat.


MR. SCHROEDER:  Specific conduct directed toward that person.


THE COURT:  Shine a light through the window?


MR. SCHROEDER:  Uh-huh. That's what I'm getting at as far as conduct. I
can't figure out how that conduct would fit within the -- I mean, I know where
David's [the prosecutor] coming from, and I understand that.


THE COURT:  How would that alarm anybody, a light shined through a window?


MR. FRIESENHAHN:  Well, it states that it was intended to alarm.


THE COURT:  Would you-all be terribly upset if I granted this motion?


MR. FRIESENHAHN:  Well, we'll make some new law one way or the other.


MR. SCHROEDER:  I don't think that's what the statute really intended, I think
it's more of a threat like -- this was actually adopted from the stalker legislation of
other states where you have a stalker out there who is stalking other people.


 I don't think really, Judge, it fits. Again, I understand the State's position,
but I don't think it really fits within the purview of that law, or the intent of the
law, let me put it this way.


THE COURT:  Court's going to grant the Motion to Quash.



In its written order, the court gave no further explanation of its decision to grant the motion to
quash.

 An information must state facts which if true constitute a violation of the law. 
Posey v. State, 545 S.W.2d 162, 163 (Tex. Crim. App. 1977). As we understand the record, the
county court at law was of the opinion that shining the headlights of a motor vehicle through the
window of another person's residence at night is not conduct that is reasonably likely to harass,
annoy, alarm, abuse, torment, or embarrass the other person. The court therefore concluded that
the allegation that appellee "shined the headlights of a motor vehicle through a window of the said
Mary Elson's residence at night" does not describe harassing conduct under section 42.07(a)(7). 


 Under section 42.07(a)(7), a person who repeatedly engages in conduct intended
and reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass another person is
guilty of harassment. On at least one of these occasions, the defendant must threaten the
complainant with bodily injury or threaten to commit an offense against the person, family, or
property of the complainant. Art. 42.07(a)(7)(B). Otherwise, section 42.07(a)(7) does not require
that the defendant's conduct be inherently threatening or abusive. For example, the statute
expressly states that following another person may constitute an offense if committed under the
requisite circumstances. Art. 42.07(a)(7)(A). Following another person is, in itself, an innocuous
act. But this act takes on a more sinister meaning if the actor intends to harass or alarm the
person being followed, if the actor has directed other similarly motivated acts toward the person
being followed, and if the actor has threatened the person being followed with bodily injury.

 In this cause, the State does not seek to prosecute appellee merely for shining a
light through Mary Elson's window at night. Instead, the information alleges a series of acts by
appellee that were intended by him to harass, annoy, alarm, abuse, torment, or embarrass Elson. 
One of these acts consisted of a threat of bodily injury. It is in this context that the information
alleges that appellant "shined the headlights of a motor vehicle through a window of . . . Mary
Elson's residence at night." We believe that a reasonable person in Elson's position could
perceive such conduct to be harassing, annoying, alarming, abusive, tormenting, or embarrassing
under the circumstances alleged. 

 Appellee argues in his reply brief that the information does not allege harassing
behavior because it does not allege that Elson was at home at the time appellant shined the lights
through her window. An information is sufficient, however, if it alleges the offense in ordinary
and concise language with a degree of certainty adequate to give the accused notice of the
particular offense and to enable the pronouncement of the proper judgment. Thomas v. State, 621
S.W.2d 158, 161 (Tex. Crim. App. 1981) (opinion on motion for rehearing). The information
in this cause is adequate under this standard. The State is not required to plead its evidence. Id.

 We find the information in this cause sufficient to allege an offense under section
42.07(a)(7). Therefore, the State's point of error is sustained and the order granting appellee's
motion to quash the information is reversed. The cause is remanded to the county court at law
for further proceedings.


Before Chief Justice Carroll, Justices Aboussie and Jones

Reversed and Remanded

Filed: June 21, 1995 

Do Not Publish

1.   Section 42.07(a)(7) provides:


(a) A person commits an offense if, with intent to harass, annoy, alarm,
abuse, torment, or embarrass another, he:


 . . .


 (7)(A) on more than one occasion engages in conduct directed
specifically toward the other person, including following that
person, that is reasonably likely to harass, annoy, alarm,
abuse, torment, or embarrass that person;

 (B) on at least one of those occasions by acts or words threatens to
inflict bodily injury on that person or to commit an offense
against that person, a member of that person's family, or that
person's property; and


 (C) on at least one of those occasions engages in the conduct after the
person toward whom the conduct is specifically directed has
reported to a law enforcement agency the conduct described by
this subdivision.


The amendments to section 42.07 effective September 1, 1994, are irrelevant to this cause.