# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**


## NO. 2-08-432-CR

RYAN ADAM FRITZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

**Introduction**

Appellant Ryan Adam Fritz appeals his conviction for five counts of online solicitation of a minor.  *See* Tex. Penal Code Ann. § 33.021 (Vernon Supp. 2008).  In two related points, he asserts that the trial court erred when it granted the State's motion to amend the original indictment and when it denied his motions to quash both the original and the amended indictments.  We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

**Background Facts**

A grand jury indicted appellant for five counts of online solicitation of a minor. The indictment specified the statutory provision appellant had violated as section 33.021 of the penal code; it also related the dates of each separate offense and, in all but Count IV, the .jpg file names of the explicit material that appellant had distributed. The indictment used mostly identical wording from the statute. Counts I, II, III, and V stated that appellant,

> on or about [date], and anterior to the presentment of this Indictment, in [Denton County], did then and there, being a person who was 17 years of age or older, with the intent to arouse or gratify the sexual desire of the defendant, intentionally distribute over the Internet or by electronic mail or by a commercial online service in a sexually explicit manner, to-wit: "[file name].jpg" to an individual whom the defendant believes to be younger than 17 years of age or an individual who represents himself to be younger than 17 years of age.[2]

Appellant filed a motion to quash the indictment, contending that it did not give him adequate notice of the nature of the charges or apprise him of when he allegedly committed the offenses (for the purpose of pleading double jeopardy).

The State moved to amend the indictment, stating in its motion,

> [T]he words "in a sexually explicit manner" should be deleted; and the words "sexually explicit material" should be substituted, so as

---

[2] Count IV, related to appellant's attempt to meet someone under seventeen for sexual purposes, was slightly different and was not amended by the State.

to make the Indictment, in pertinent part, read as follow[s]: ". . . intentionally distribute over the Internet or by electronic mail or by a commercial online service sexually explicit material, to-wit: . . ."

The State would show that said amendment does not charge the Defendant with an additional or different offense, nor does it prejudice the substantial rights of the Defendant.

The trial court granted the motion to amend through an order and by making changes on the face of the indictment. Appellant filed a motion to quash the amended indictment for reasons similar to those in his first motion.[3] The trial court denied appellant's motion.

Months later, appellant pled guilty to all counts. The trial court convicted appellant of all counts, and appellant timely filed his notice of this appeal.

## Applicable Law and Analysis

**Allowing the State to amend its indictment**

In his first point, appellant contends that the original indictment did not allege any crime, that the trial court therefore did not have jurisdiction to allow the State to amend the indictment, and that even if the trial court did have

---

[3] In his second motion, appellant asserted,

To perform the duty to investigate, prepare, and establish possible defenses, Defendant is entitled to a specific allegation of what the State will rely upon to convict. Defendant is not required to anticipate any and variant facts that the State might hypothetically seek to establish. The presumption of innocence coupled with the right to notice require that Defendant be given such notice.

3

jurisdiction, it violated article 28.10 of the code of criminal procedure by allowing the amendment. *See* Tex. Code Crim. Proc. Ann. art. 28.10 (Vernon 2006).

To determine whether the trial court had jurisdiction over this case, we must look to the indictment as a whole, not to its specific formal requisites, to decide if the State accused appellant with enough clarity and specificity for him to identify the charge of online solicitation of a minor, even if the indictment is otherwise defective. *See Teal v. State*, 230 S.W.3d 172, 180–81 (Tex. Crim. App. 2007); *Duron v. State*, 956 S.W.2d 547, 550–51 (Tex. Crim. App. 1997); *see also Ex parte Gibson*, 800 S.W.2d 548, 551 (Tex. Crim. App. 1990) (orig. proceeding) (explaining that "if the instrument comes from the grand jury, purports to charge an offense and is facially an indictment, then it is an indictment . . . and its presentation by a State's attorney invests the trial court with jurisdiction to hear the case"); *Ex Parte Jessep*, 281 S.W.3d 675, 681 (Tex. App.—Amarillo 2009, pet. filed) (stating that "[i]f the allegations in it are clear enough that one can identify the offense alleged, the indictment is sufficient to confer subject matter jurisdiction"). The right to notice of the charges contained in an indictment is constitutional in nature. *See Smith v. State*, No. AP-75479, 2009 WL 1212500, at *3 (Tex. Crim. App. May 6, 2009); *Ahmad v. State*, No. 02-08-00008-CR, 2009 WL 1507052, at *11

4

(Tex. App.—Fort Worth May 28, 2009, no pet. h.); *Perez v. State*, 261 S.W.3d

760, 769 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd).

Section 33.021 of the penal code states in pertinent part,

(b) A person who is 17 years of age or older commits an offense if, with the intent to arouse or gratify the sexual desire of any person, the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, intentionally:

(1) *communicates* in a sexually explicit[4] *manner* with a minor;[5] or

(2) *distributes* sexually explicit *material* to a minor.

(c) A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

Tex. Penal Code Ann. § 33.021(b)–(c) (emphasis added). Here, the allegations

in the original indictment signaled to appellant that he was charged with, under

section 33.021 of the penal code, distributing particularly designated sexually

---

[4] A communication is sexually explicit when it relates to or describes sexual conduct as defined by section 43.25 of the penal code. *See* Tex. Penal Code Ann. § 33.021(a)(3), § 43.25(a)(2) (Vernon Supp. 2008).

[5] The statute defines "minor" as someone who represents himself or herself to be younger than seventeen or who the defendant believes to be younger than seventeen. Tex. Penal Code Ann. § 33.021(a)(1).

5

explicit .jpg files over the internet to an individual he believed to be, or who represented himself to be, younger than seventeen.

While the original indictment used the word "manner" (a term used in subsection (b)(1) of the statute) rather than "material" (a term used in subsection (b)(2)), it was still clear enough to allege a crime under subsection (b)(2), because it focused on distributing and not communicating (which is the verb used in subsection (b)(1)), and it specifically described the .jpg files that appellant distributed. Thus, we hold that the trial court had jurisdiction on the basis of the original indictment.

We must also overrule the remainder of appellant's first point, regarding the trial court's compliance with article 28.10. Article 28.10 prescribes the following procedure for amending an indictment:

> (a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days,[6] or a shorter period if requested by the defendant, to respond to the amended indictment or information.
>
> (b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

---

[6] Appellant does not complain about the amount of time he had to respond to the amended indictment. The trial court amended the indictment in November 2007, and appellant did not plead guilty until July 2008.

6

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

Tex. Code Crim. Proc. Ann. art. 28.10.  A "different offense" under article 28.10(c) means a different statutory offense.  *Brown v. State*, 155 S.W.3d 625, 628 (Tex. App.—Fort Worth 2004, pet. ref'd).  A change in an element of an offense, proof, or victim does not constitute charging a different statutory offense.  *Flowers v. State*, 815 S.W.2d 724, 728 (Tex. Crim. App. 1991); *Brown*, 155 S.W.3d at 628 (concluding that burglary with intent to commit assault and burglary with attempted or completed assault are not different offenses); *Garth v. State*, 3 S.W.3d 218, 222–23 (Tex. App.—Dallas 1999, no pet.) (concluding that changing the value of stolen property in a theft information, although clarifying the level of offense, did not change the nature of the statutory offense); *Bynum v. State*, 874 S.W.2d 903, 905–06 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (involving a different victim).

Here, the amended indictment, by merely changing the word "manner" to "material" to precede the description of the electronic file name in four of the indictment's counts, did not charge appellant with a new or different offense. As explained above, the original indictment adequately described an offense

7

under section 33.021(b)(2), and the amended indictment charged him with that same offense.

Also, appellant does not dispute that he distributed the electronic files or that distributing the electronic files under the circumstances of his distribution (whether the files were defined as "manner" or "material") comprised a violation of the law,[7] even if the other specific verbiage in the indictment was initially incorrect. *See Posey v. State*, 545 S.W.2d 162, 163 (Tex. Crim. App. 1977); *Rotenberry v. State*, 245 S.W.3d 583, 586 (Tex. App.—Fort Worth 2007, pet. ref'd).

Finally, appellant's substantial rights were not prejudiced because he knew before and after the amendment (1) the general section of the penal code where the offense was located, (2) the dates that he committed his crimes, and (3) the names of the sexually explicit files that he distributed. *See* Tex. Code Crim. Proc. Ann. art. 28.10(c). We overrule appellant's first point.

**Denying appellant's motion to quash**

In his second point, appellant argues that the trial court erred when it denied his motions to quash the indictment. We disagree.

---

[7] In pleading guilty, appellant affirmed that he understood the charge contained in the indictment and confessed that he committed the acts alleged in the indictment.

8

When reviewing a trial court's decision to deny a motion to quash an indictment, we apply a de novo standard of review. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007), *cert. denied*, 128 S. Ct. 2056 (2008); *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004) (explaining that the sufficiency of an indictment is a question of law). "Upon the filing of a timely motion to quash, an indictment must be analyzed to determine whether it states on its face the facts necessary to allege that an offense was committed, to bar a subsequent prosecution for the same offense, and to give the accused notice of the precise offense with which he is charged." *Rotenberry*, 245 S.W.3d at 586.

The indictment must state facts which, if proved, show a violation of the law; the indictment must be dismissed if such facts would not constitute a criminal offense. *Id.*; *see Posey*, 545 S.W.2d at 163. When a motion to quash is overruled, a defendant suffers no harm unless he did not, in fact, receive notice of the State's theory against which he would have to defend. *Moff*, 154 S.W.3d at 601, 603; *see also* Tex. Code Crim. Proc. Ann. art. 21.19 (Vernon 2009) ("An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant.").

Appellant argues that the State's amended indictment is defective because it is not specific enough. Specifically, he asserts that the indictment did not limit itself to alleging only one of the ways that he could have distributed the .jpg files: over the internet *or* by electronic mail *or* by a commercial online service under penal code section 33.021(b); that the indictment was required to exactly define the nature of the explicit material (whether it was a "communication, language, or material, including a photographic or video image") under penal code section 33.021(a)(3); and that the indictment was also required to specify which category of sexual conduct the .jpg files related to under penal code section 43.25.[8]

However, in most cases, "an indictment is legally sufficient if it delineates the penal statute in question." *See Moff*, 154 S.W.3d at 602; *Roberts v. State*, 278 S.W.3d 778, 792 (Tex. App.—San Antonio 2008, pet. filed); *see also DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988) (explaining that a "motion to quash should be granted only where the language concerning the defendant's conduct is so vague or indefinite as to deny the defendant effective notice of the acts he allegedly committed"); *State v. Laird*, 208

---

[8] Under section 43.25, sexual conduct is "sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola." Tex. Penal Code Ann. § 43.25(a)(2).

S.W.3d 667, 669 (Tex. App.—Fort Worth 2006, no pet.) (same). And although the State in some circumstances is required to go further by specifying manners and means of committing an offense in its indictment, it is entitled to, conjunctively or disjunctively, allege any or all of the statutorily defined types of conduct. *See State v. Winskey*, 790 S.W.2d 641, 642 (Tex. Crim. App. 1990) (explaining that if "a statute provides more than one way for the defendant to commit the act or omission, then on timely request the State must allege the manner and means it seeks to establish, either separately *or in some disjunctive combination*") (emphasis added); *Queen v. State*, 662 S.W.2d 338, 341 (Tex. Crim. App. 1983); *Ferguson v. State*, 622 S.W.2d 846, 851 (Tex. Crim. App. 1981) (op. on reh'g); *Hartis v. State*, 183 S.W.3d 793, 801 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Also, the indictment is not required to contain matters that are only evidentiary, such as the specific manner of contact in an indecency with a child case. *See State v. Shuck*, 222 S.W.3d 113, 115–16 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

Here, the amended indictment delineated section 33.021 of the penal code, and it further informed appellant of the acts that the State alleged he committed by stating the manner of distribution in a disjunctive format, by naming the specific .jpg files at issue (which defined the nature of the sexually explicit material with more particularity than section 33.021(a)(3) does), and by

11

giving the dates of the files' distributions. We therefore hold that appellant did not lack notice of the offense he was charged with and that the indictment properly explained the offense. *See also Gray v. State*, 980 S.W.2d 772, 775 n.2 (Tex. App.—Fort Worth 1998, no pet.) (explaining that "[a]lternative pleading of differing methods of committing one offense may be charged in one indictment"); *Braughton v. State*, 749 S.W.2d 528, 530 (Tex. App.—Corpus Christi 1988, pet. ref'd) (relating that the "State need not elect between various theories").

Next, neither appellant's motion to quash the original indictment nor his motion to quash the amended indictment adequately set forth the manner in which the indictments' notice was allegedly deficient[9] (as appellant now attempts to do in his brief, as related above), so the State was not required to give him any more detailed notice even if the original notice was deficient. *See DeVaughn*, 749 S.W.2d at 69–70; *State v. Goodman*, 221 S.W.3d 116, 120 (Tex. App.—Fort Worth 2006, no pet.).

---

[9] The first motion merely stated that the State's indictment was "fatally deficient in that Defendant is not given adequate notice of the manner and means by which the State alleges that Defendant (allegedly) violated any offense." The second motion included that same statement and then argued only that the amended indictment was "fatally deficient in that Defendant is not given any notice of one of the elements of the offense sought to be charged." It then went on to allege what the evidence would show and that section 33.021 is unconstitutional.

12

Finally, even if the amended indictment was deficient and appellant's motions adequately demonstrated such, appellant cannot show harm based on the trial court's denial of his motions because he pled guilty to the offenses in the amended indictment and he has not directed us to any portion of the record indicating that he would not have done so if the indictment had been more specific.[10] *See* Tex. Code Crim. Proc. Ann. art. 21.19; *Adams v. State*, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986) (requiring an appellant to show prejudice to substantial rights from the lack of notice in an indictment); *Weaver v. State*, No. 01-99-00966-CR, 2001 WL 722839, at *1 (Tex. App.—Houston [1st Dist.] June 28, 2001, pet. ref'd) (not designated for publication); *Hodge v. State*, 756 S.W.2d 353, 357 (Tex. App.—Dallas 1988, no pet.) (explaining that by pleading guilty, the appellant had no "need to defend himself and thereby no longer stood to profit trial-wise from [the indictment's] additional specifications").

For all of these reasons, we hold that the trial court did not err by denying appellant's motions to quash, and we overrule appellant's second point.

**Conclusion**

---

[10] Again, appellant affirmed that he understood the charges in the indictment while pleading guilty.

13

Having overruled both of appellant's points, we affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL:  LIVINGSTON, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 16, 2009