Marvin SCOTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 62950.

Court of Criminal Appeals of Texas, Panel No. 2.

May 7, 1980.

Rehearing Denied July 16, 1980.

Anthony F. Constant, court appointed on appeal, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., and Eric Brown, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

## OPINION

ROBERTS, Judge.

A previously probated sentence of two years' confinement for possession of methamphetamine has been imposed on Scott because he violated a condition of his probation, and he has appealed. The condition of probation was that he commit no offense against the laws of this state. The State alleged that he unlawfully possessed a controlled substance, oxycodone, in violation of Section 4.04(a) of the Texas Controlled Substances Act (V.A.T.S., Art. 4476–15):

> "Except as authorized by this Act, a person commits an offense if he knowingly or intentionally possesses a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice."

The parties stipulated the facts. On November 14, 1978, Mike Massegee was given a prescription by his dentist for Tylox, an analgesic which contains oxycodone. The dentist was a practitioner and he was acting in the course of his professional practice. Massegee had the prescription filled at a local pharmacy. The appellant was Massegee's friend. There was no evidence that he was a member of Massegee's household. The appellant had slammed an automobile door on his hand and was in pain. Massegee gave the appellant two capsules of Tylox, and the appellant had these in his possession when his residence was searched by police officers on December 20, 1978.

The appellant contends that his conduct is not an offense under Section 4.04(a) of the Texas Controlled Substances Act because he obtained the substance "pursuant to a valid prescription or order of a practitioner." But he did not. To adopt the construction that the appellant urges would be to confuse the roles of a practitioner and an ultimate user. The dentist was a practitioner. Massegee obtained the capsules pursuant to the dentist's prescription; thus he became an ultimate user.

> " 'Ultimate user' means a person who has lawfully obtained and possesses a controlled substance for his own use or for the use of a member of his household or for administering to an animal owned by him or by a member of his household."

Texas Controlled Substances Act, Section 1.02(26). As the adjective "ultimate" implies, an ultimate user is not authorized to deliver controlled substances to anyone other than members of his own household. Massegee's delivery of the capsules to a

person other than a member of his household was not pursuant to any prescription and it was unlawful. *Benoit v. State*, 561 S.W.2d 810 (Tex.Cr.App.1977).[1] The appellant's possession was a result of this unlawful distribution; it was not pursuant to any prescription, and it was unlawful.

The appellant relies on *Simmons v. State*, 171 Tex.Cr. 679, 353 S.W.2d 215 (1961), a case which is not similar. Simmons called a physician on the telephone and asked him to prescribe for her mother. Mistakenly believing that Simmons' mother was his patient, the physician gave a prescription by telephone to a pharmacist, who apparently delivered the drugs to Simmons. There was no evidence that Simmons acted fraudulently. Considering the former Dangerous Drug statute, we held that Simmons' conduct did not amount to unlawful possession. As the statute required,[2] the dangerous drug was delivered by a pharmacist, upon an original prescription, in a properly labelled container. We did not hold that a person may possess a drug delivered to him by a non-practitioner.

The appellant also relies on the statement in *Posey v. State*, 545 S.W.2d 162, 164 (Tex. Cr.App.1977):

"It is not a criminal offense to obtain a controlled substance for a friend or family member by presenting to a pharmacist a prescription prescribing a controlled substance for that friend or family member which had been properly obtained."

The statement is certainly correct if the phrase "friend or family member" is read to mean "a member of one's household." See Texas Controlled Substances Act, Section 1.02(26). *Posey* held that an information was defective which alleged that the defendant obtained possession of a controlled substance by presenting a pharmacist with a prescription for another person. That conduct is no offense if the other person is a member of the defendant's household. But *Posey* can have no application to this case,

for the appellant did not obtain controlled substances from a pharmacist using Massegee's prescription; he got them from Massegee. His conduct was an offense against the laws of this state.

 The only other ground of error complains that the trial court erred in overruling his motion to suppress evidence obtained by executing a search warrant. In State's Exhibit 2 the appellant stipulated,

"That on or about the 20th day of December, 1978, in the County of Nueces, State of Texas, the Defendant herein did then and there intentionally possess Oxycodone . . . ."

Since this evidence proved the same facts as those which the appellant sought to suppress, no reversible error would come from the overruling of the motion to suppress.

The judgment is affirmed.

---

1. "[A]n accused's unlawful delivery of a controlled substance is not made lawful because she had originally obtained such substance by virtue of a prescription." 561 S.W.2d at 817.

2. See 1959 Texas Gen.Laws, ch. 425, sec. 3 (codified as art. 726d, sec. 3, of the Penal Code of 1925) (see now V.A.T.S. art. 4476–14, sec. 3).