**William Lee HUDNALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41646.**

Court of Criminal Appeals of Texas.

Oct. 16, 1968.

No attorney on appeal.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is driving a motor vehicle while intoxicated; the punishment, a fine of $125.00 and three days in jail.

Prior to the trial of this cause, the State moved for dismissal of the allegation of the prior conviction alleged for jurisdictional purposes contained in the indictment and moved that appellant be tried on the remaining portion of the indictment, which was a misdemeanor count for driving while intoxicated.

While the record does not reflect that the court ever acted upon the State's motion, it is shown that appellant waived a jury and pled guilty to the offense of driving a motor vehicle while intoxicated, a misdemeanor, and further agreed to stip-

ulated testimony to said misdemeanor offense.

No grounds of error are set forth in a brief filed in the trial court as required by Art. 40.09, Vernon's Ann.C.C.P.

We have examined the record and find nothing contained therein which we should consider as unassigned error under Section 13 of said Article.

No question based on indigency is raised.

The judgment of the trial court is reformed under Art. 44.24, V.A.C.C.P., to show appellant's conviction for misdemeanor driving while intoxicated, and as reformed, the judgment is affirmed.