**Benny LUJAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08-83-00052-CR.**

Court of Appeals of Texas,
El Paso.

Nov. 16, 1983.

Rehearing Denied Jan. 4, 1984.

Bonnie C. Ericson, Seagraves, for appellant.

Joe Smith, Dist. Atty., Seminole, for appellee.

Before PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

WARD, Justice.

On August 13, 1980, Appellant pled nolo contendere to an indictment properly alleging robbery under Tex.Penal Code sec. 29.02 (Vernon 1974). The front portion of the indictment indicated that the offense was burglary. The trial court noted the error and made a hand correction to aggravated robbery, also incorrect. The plea was a result of a bargain between the State and the defense, under which the State was to recommend ten years probation. The court properly admonished Appellant under Tex. Code Crim.Pro.Ann. art. 26.13 (Vernon Supp.1982) with regard to voluntariness, absence of fear, coercion, threat or delusive hope of pardon, understanding the consequences of the plea, the nature of the accusation (the robbery elements as indicated), the non-binding effect of the State's recommendation and the ability to withdraw the plea if the court intended to exceed the punishment recommendation. A judicial confession as to the indicted robbery offense elements was elicited. The court then found Appellant guilty "as charged in the indictment" of the offense of "aggravated robbery." This of course was not consistent since the indictment did not set out such an aggravated offense. Punishment was assessed in accordance with the State recommendation.

On November 15, 1982, the State moved to revoke probation based upon subsequent criminal conduct. The motion to revoke alleged that the underlying conviction was for aggravated robbery. The revocation also proceeded on the basis of a plea bargain—Appellant pleading true in exchange for a recommendation that the sentence be reduced to five years imprisonment. The court followed the plea bargain. The judgment and sentence reflect conviction for aggravated robbery.

Appellant's five grounds of error all arise from the incorrect denomination of the indicted offense as an aggravated robbery. The indictment properly alleged rob-

bery, the evidence clearly supported the Appellant's guilt based upon the robbery elements alleged, and the court found Appellant guilty of the indicted elements, although incorrectly concluding that they constituted aggravated robbery. This is clearly a judicial error of intent and not a clerical error in effectuating intent. Hence, nunc pro tunc correction is not an appropriate remedy. Nonetheless, the error is not such as would justify reversal. Tex.Code Crim.Pro.Ann. art. 44.24(b) (Vernon Supp. 1982) authorizes the appellate court to reform and correct a judgment as the law and nature of the case may require. Had the actual offense been aggravated robbery, the court would not have even been able to grant probation. Tex.Code Crim.Pro.Ann. art. 42.12 sec. 3f(a)(1) (Vernon 1979). We do not find that the misnomer, by itself, misled the Appellant to his detriment or would justify a conclusion that due to mistake the plea was involuntary.

 The issue is not raised on appeal that in admonishing the Appellant as to the range of punishment the court utilized the first-degree felony range for aggravated robbery in lieu of the lesser range applied to second-degree felony robberies. A total failure to admonish on punishment is fundamental error. A partial or incorrect admonishment is not fundamentally erroneous. Under such circumstance, a defendant must assert and demonstrate that he was harmed by the incorrect admonishment. Appellant has not done so in this case. This still indicates a voluntary desire to not challenge the State's accusation and accept the punishment consequences. *Taylor v. State,* 610 S.W.2d 471 (Tex.Cr.App.1980); *Ex parte McAtee,* 599 S.W.2d 335 (Tex.Cr.App. 1980). Nor did the error result in an impermissible punishment. Where the appellate court has the same information available for reformation as the trial court would have upon reversal and remand, the appellate court may proceed to reform and correct the erroneous judgment on appeal, thereby achieving a prompt and just result. *Brewer v. State,* 572 S.W.2d 719 (Tex.Cr. App.1978). See also: *Hudnall v. State,* 432 S.W.2d 910 (Tex.Cr.App.1968). The original

ten years probation was within the range of the indicted robbery offense. So was the ultimate five-year sentence upon revocation. Both of these were the result of plea bargaining by the Appellant and the State. The court in both instances fulfilled the mutually acceptable punishment agreement. Appellant has not been harmed by the error. Grounds of Error Nos. One through Five are overruled.

Nonetheless, the error may not stand in the record. Accordingly, the judgment and sentence in this cause should be reformed to reflect that the underlying conviction was for robbery and not aggravated robbery. Tex.Code Crim.Pro.Ann. art. 44.24(b) (Vernon Supp.1982). *Gawlik v. State,* 608 S.W.2d 671 (Tex.Cr.App.1980); *Cleland v. State,* 572 S.W.2d 673, 675–676 (Tex.Cr.App. 1978); *Pickett v. State,* 542 S.W.2d 868, 870 (Tex.Cr.App.1976).

As reformed the judgment is affirmed.