Craig Wayne SEUBERT, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 535–88, 536–88.

Court of Criminal Appeals of Texas, En Banc.

April 4, 1990.

J. Brent Liedtke, Galveston, for appellant.

Michael J. Guarino, Dist. Atty., and Thomas Rodriguez, Roger Ezell, Susan Burris, Asst. Dist. Attys., Galveston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

In a joint trial, a jury convicted appellant of aggravated sexual assault and attempted aggravated kidnapping and assessed punishment at 40 years imprisonment for the former offense and five years for the latter. The Court of Appeals reversed appellant's conviction and remanded to the trial court. *Seubert v. State*, 749 S.W.2d 585 (Tex.App.–Houston [1st Dist.] 1988). In reversing, the Court of Appeals held:

> "We hold that *Peters v. Kiff*[, 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972)] gives a white defendant the right to challenge the State's peremptory strike of a black venire member; that under *Batson* [*v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)], the State was required to make a racially neutral explanation for striking Mr. Oliver; that the record does not rebut the inference that the State struck Oliver because he was black; and that the error has not been shown to be harmless by evidence that the jury selected was fairly representative." *Seubert*, 749 S.W.2d at 588-89.

We granted the State's Petition for Discretionary Review to determine whether a defendant has a Sixth Amendment right to a petit jury that represents a fair-cross section of the community and to resolve the conflict on this question between the Second and Seventh Courts of Appeals. See *Easter v. State*, 740 S.W.2d 107 (Tex.App.–Amarillo 1987); *Mead v. State*, 759 S.W.2d 437 (Tex.App.–Fort Worth 1988).

In the reasoning leading to the holding the Court of Appeals eschewed any attempt to ground their decision on *Batson's* equal protection grounds relying instead on *Peters v. Kiff* and *Taylor v. Louisiana*, 419 U.S. 522, 538, 95 S.Ct. 692, 701-02, 42 L.Ed.2d 690 (1975). *Seubert*, 749 S.W.2d at 588. The Court of Appeals adopted procedural aspects of *Batson*. *Seubert*, 749 S.W.2d at 588. The Court, however, carefully pointed out that appellant could not meet the "same race" requirement of *Batson*. Thus, the Court of Appeals decision will stand or fall based on the validity of appellant's Sixth Amendment right to a petit jury that is representative of the community.

This issue was decided adversely to the Court of Appeals decision in *Holland v. Illinois*, —— U.S. ——, 110 S.Ct. 803, 107 L.Ed.2d 905 (1990). In that case the United States Supreme Court considered Petitioner's invitation to incorporate into the Sixth Amendment the test devised in *Batson* which permits defendants to establish a prima facie violation of the Equal Protection Clause when a prosecutor challenges jurors solely on account of their race. In *Holland*, Petitioner, who was white, complained that the exclusion of blacks from his jury through the exercise of the State's peremptory challenges, excluded a distinctive group in the community from representation on his jury. *Holland*, —— U.S. at ——, 110 S.Ct. at 805. The Court rejected petitioner's fundamental thesis that the State's use of peremptory challenges to eliminate a distinctive group in the community deprives a defendant of a Sixth Amendment right to the "fair possibility" of a representative jury. The Court squarely held:

> "A prohibition upon the exclusion of cognizable groups through peremptory challenges has no conceivable basis in the text of the Sixth Amendment, is without support in our prior decisions, and would undermine rather than further the constitutional guarantee of an impartial

jury." *Holland,* —— U.S. at ——, 110 S.Ct. at 806.

Relying primarily on *Strauder v. West Virginia,* 100 U.S. 303 (1880), *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975) and *Lockhart v. McCree,* 476 U.S. 162, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986), Justice Scalia, writing for the majority, carefully distinguished the difference between the fair cross section requirement applied to the venire from which the petit jury is drawn and the make-up of the petit jury itself. The Court re-affirmed its commitment to the fair-cross-section requirement, applied to the venire from which the petit jury is drawn, as fundamental to the jury trial guaranteed by the Sixth Amendment. *Holland,* —— U.S. at ——, 110 S.Ct. at 806 citing *Taylor,* 419 U.S. at 530, 95 S.Ct. at 697. The Court, however, emphatically rejected any fair-cross-section requirement applicable to pet-it juries. The Court explained that it should be:

> "emphasized that in holding that petit juries must be drawn from a source fair-ly representative of the community we impose no requirement that petit juries actually chosen must mirror the commu-nity and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particu-lar composition." *Holland,* —— U.S. at ——, 110 S.Ct. at 809 citing *Taylor,* 419 U.S. at 538, 95 S.Ct. at 702.

And as Justice Scalia explained, the Court had continued to adhere to the no fair-cross-requirement as applicable to petit juries in *Lockhart* because "we have never invoked the fair-cross-section principle to invalidate the use of either for-cause or peremptory challenges to prospective ju-rors, or to require petit juries, as opposed to jury panels or venires, to reflect the composition of the community at large." *Holland,* —— U.S. at ——, 110 S.Ct. at 809, citing *Lockhart,* 476 U.S. at 178, 106 S.Ct. at 1767. In addition, the theory underlying the decision in *Holland* found its underpin-nings in *Lockhart.* The Court explained:

> "The fundamental principle underlying today's decision is the same principle that

underlay *Lockhart,* which rejected the claim that allowing challenge for cause, in the guilt phase of a capital trial, to jurors unalterably opposed to the death penalty (so-called "*Witherspoon* [v. Illi-nois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968)]—excludable") vio-lates the fair-cross-section requirement. *Holland,* —— U.S. at ——, 110 S.Ct. at 809 citing *Lockhart,* 476 U.S. at 178, 106 S.Ct. at 1767.

*Lockhart* and in turn, *Holland,* are bot-tomed on the principle that selection of an impartial jury through the use of perempto-ry strikes is constitutionally permissible. The decision in *Holland* also rested on the constitutional guarantee promising jury im-partiality to both contestants and the *Hol-land* majority opined that the goal of im-partiality "would positively be obstructed by a petit jury cross-section requirement which, as we have described would cripple the device of peremptory challenge." *Hol-land,* —— U.S. ——, 110 S.Ct. at 809.

Turning now to the instant case we again note that the Court of Appeals based its holding on the due process decision in *Pe-ters v. Kiff* and on the Sixth Amendment right to a venire selected from a fair-cross-section of the community enunciated in *Taylor v. Louisiana.* *Seubert,* 749 S.W.2d at 588. Under *Holland,* appellant has no Sixth Amendment right to a petit jury that is fairly representative of the community. We reverse the Court of Appeals and af-firm the trial court.

CLINTON, Judge, concurring.

The Court bypasses standing questions for review presented by the State, yet gra-tuitously addresses the Sixth Amendment issue raised by appellant below. See *Seu-bert v. State,* 749 S.W.2d 585 (Tex.App.— Houston [1st] 1988) (appellant need not meet equal protection "requirement of *Bat-son*" because he also asserts a denial of due process and a Sixth Amendment viola-tion, *id.,* at 588).

However, the Houston Court of Appeals rightly held that appellant has standing to complain of alleged discriminatory exercise of peremptory challenges to exclude black

venirepersons. *Holland v. Illinois*, ——— U.S. ———, 110 S.Ct. 803, 805–806, 107 L.Ed.2d 905 (1990). Nevertheless, insofar as the opinion of this Court is read to rule out reliance on the Sixth Amendment for relief in this cause, it is correct. *Id.*, at ———, 110 S.Ct., at 806–809, 107 L.Ed.2d, at 914–19.

Still, we should caution bench and bar that *Holland v. Illinois* does not preclude a white defendant from raising a *Batson* issue based on the Equal Protection Clause of the Fourteenth Amendment. *Id.*, at ———, 110 S.Ct., at 811–812 (Justice Kennedy concurring); 110 S.Ct. at 813–814 (Justice Marshall, joined by Justices Brennan and Blackmun, dissenting); at 820 (Justice Stevens dissenting). Sufficient is a word to the wise.

With those observations I join the judgment of the Court.

MILLER, J., joins this opinion.

TEAGUE, Judge, concurring.

I write because I have the same fear that Judge Clinton appears to have, see the concurring opinion that he filed in this cause, that the majority opinion might be thought of as the "be all" in this area of the law. It is not, and given how the present arch-conservative majority of the Supreme Court of the United States has been operating in recent times, it will not soon be "the all" in this area of the law.

In this instance, given what this Court had stated and held in the past, regarding a prosecuting attorney exercising his peremptory strikes on members of a minority race, or for that matter exercising peremptory strikes on individuals of the same race as the defendant, and what the Supreme Court held in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), it is necessary for this Court to be in lockstep with that decision of the Supreme Court. See the Supremacy Clause found in Art. III of the Federal Constitution.

In *Batson*, the Supreme Court held that *the equal protection clause of the Federal Constitution's Fourteenth Amendment* would be violated, under certain circumstances, by a prosecuting attorney's use of peremptory challenges to exclude black potential jurors from a black defendant's petit jury. For purposes of Texas law, the Supreme Court's decision of *Batson v. Kentucky* was a clear break from the past, and announced a new rule of law. Also see *Teague v. Lane*, 489 U.S. ———, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), and *Tompkins v. State*, 774 S.W.2d 195, 199–200 (Tex.Cr.App.1987).

The Supreme Court has now held, see *Holland v. Illinois*, 493 U.S. ———, 110 S.Ct. 803, 107 L.Ed.2d 905 (1990), that a prosecuting attorney's exercise of his peremptory strikes to exclude all black potential jurors from a Caucasian's petit jury, or to deprive a Caucasian defendant of a representative cross section of his community, which might include black potential jurors, did not violate the defendant's right under the *Sixth Amendment* to the Federal Constitution to trial by an impartial jury.

In this cause, appellant complained in the following manner about the prosecuting attorney's use of his peremptory strikes on black prospective jurors: "This practice amounts to the blatant emascalation of Craig Wayne Seubert's constitutional right to a trial by a jury of his peers as guaranteed by the sixth amendment of the constitution of the United States of America. Any accused citizen is entitled by constitutional guarantee to a trial by jury of his peers representative of a cross-section of the community in which he resides. The State has denied Craig Wayne Seubert his constitutional guarantee."

The record reflects that a hearing was held on appellant's motion to disqualify the jury as seated, after which the trial judge denied the motion. Appellant did not raise at the hearing the issue whether appellant, a Caucasian, had standing under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) to challenge a prosecuting attorney's removal of black prospective jurors under the Fourteenth Amendment's Equal Protection Clause. That issue will apparently be decided in the Supreme Court's case of *Powers v. Ohio*, ——— U.S. ———, 110 S.Ct. 1521, 108 L.Ed.2d 761

**72**

(1990), in which certiorari has been granted to decide the following question: "Does a white criminal defendant have standing, under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), to challenge prosecution's removal of black prospective jurors?" See — U.S. —, 110 S.Ct. 1521.

The following has been suggested: In *Holland*, at least "five members of the Supreme Court tipped their hands on an issue not decided in that cause by stating, either implicitly or expressly, that such a defendant would be able to make a claim under the Fourteenth Amendment's Equal Protection Clause, despite contrary language in *Batson*, that seems to require racial identity between the defendant and the excluded juror." 46 CrL 2065. In *Holland*, the majority opinion emphasized that the petitioner did not seek in his petition for certiorari review of the denial by the trial court of his Equal Protection Clause claim, which the Supreme Court of Illinois had rejected, and further emphasized that the grant of certiorari was limited to the Sixth Amendment question. — U.S. at —, fn. 3, 110 S.Ct. at 811, fn. 3, 107 L.Ed.2d at 921, fn. 3.

Thus, to the extent that the majority opinion by Presiding Judge McCormick in this cause holds that as a matter of Federal Constitutional Law appellant "loses" under *Holland*, I concur in the result reached, namely, that it is necessary to reverse the judgment of the court of appeals because the court of appeals' decision is contrary to what the Supreme Court held in *Holland v. Illinois*. However, assuming arguendo that the five members of the Supreme Court who "tipped their hands" in *Holland* do not go against what they either implicitly or expressly stated in *Holland*, had appellant raised in the trial court the issue, whether he had standing under *Batson v. Kentucky* and the Fourteenth Amendment to challenge the prosecuting attorney's removal of black prospective jurors on equal protection grounds, it should be obvious to almost anyone that had the court of appeals written on that issue, rather than the one they did, and decided the issue in appellant's favor, the judgment of the court of

appeals would have to be affirmed by this Court.

Therefore, I concur.