IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-085-CR





FRANK IVY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 93,880, HONORABLE BOB JONES, JUDGE 



 




 This is an appeal from an order revoking probation. On
February 24, 1989, the appellant entered a plea of guilty before
the court to the indictment charging him with the possession of a
controlled substance, namely, cocaine in an amount less than
twenty-eight (28) grams. The court assessed appellant's punishment
at ten (10) years' imprisonment. On May 22, 1989, the court,
pursuant to a motion, granted the appellant "shock probation,"
suspending the execution of the sentence and releasing the
appellant subject to certain probationary conditions. On December
20, 1989, the State filed a motion to revoke probation alleging
that appellant had violated the conditions of probation in that (1)
he failed to avoid injurious or vicious habits including the use of
narcotic or habit forming drugs and alcoholic beverages based on
his submission of urine specimens testing positive for cocaine on
July 11, 1989, August 2, 1989, August 23, 1989, September 6, 1989,
September 15, 1989, and October 16, 1989, and that (2) he had not
paid probation supervision fees and was delinquent in the amount of
$40.00.

 At a hearing on this motion on February 8, 1990, the
trial court did not hear evidence, but amended the conditions of
probation and continued the appellant on probation. Among the
amended conditions was the requirement that appellant "be placed in
the Stratford House Program at Austin Rehabilitation Center for a
period of time not to exceed one (1) year and cooperate with all
rules and regulations while you are a patient there . . . ."

 On March 15, 1990, the State filed a second motion to
revoke probation alleging that appellant violated his probationary
conditions in that:  (1) he "has failed to be placed in the
Stratford House Program at the Austin Rehabilitation Center for a
period not to exceed one year"; and that (2) he "failed to
participate and cooperate fully in therapy sessions while in the
Stratford House Program at the Austin Rehabilitation Center."

 A hearing on the second motion was held on March 15,
1990. John Vasquez, an intern in the Adult Probation Office,
testified that he was present in court when appellant's
probationary conditions were amended and that the trial court twice
explained to the appellant the amended conditions including
placement in the Stratford House Program. Vasquez related that
thereafter, when the appellant refused to sign his probation
papers, Lalo Guiterrez, "the Court Officer," explained the
Stratford House Program to the appellant three times. Linda
Phillips, a probation officer, testified that she went to the jail
on February 27, 1990, to obtain appellant's release and to take him
to a detoxification unit to begin the Stratford House Program. 
After explaining her purpose to the appellant, Phillips related
that the appellant refused the Stratford House Program, and told
her that she was "not taking him to treatment." Phillips left the
appellant in jail.

 At the conclusion of the hearing and after the argument
of counsel, the trial court again offered the appellant another
opportunity to participate in the Stratford House Program. 
Appellant refused. The trial court then stated: "The court, at
this time, finds you have violated the terms and conditions of
probation, as such your probation is revoked." The formal written
judgment reflects that the court revoked probation because the
appellant failed to avoid injurious and vicious habits by
submitting urine specimens positive for cocaine and by failing to
pay probation supervisory fees.

 Appellant argues on appeal that the trial court abused
its discretion in revoking his probation as there was no evidence
offered to support the recitations in the judgment. The State
argues that the evidence is sufficient but that "gross clerical
errors in the judgment require correction to properly reflect
grounds for revocation." The State contends that the clerk
preparing the judgment obviously was looking at the first motion to
revoke rather than the second motion to revoke and the hearing
thereon. The State urges this Court to make the necessary
reformation.

 This Court has the power to correct and reform the
judgment of the court below to make the record speak the truth when
it has the necessary data and information to do so, and to make any
appropriate order as the law and the nature of the case may
require. See Tex. R. App. P. Ann. 80(b) and (c) (Pamph. 1991). 
Appellate courts have the power to reform whatever the trial court
could have corrected by a judgment nunc pro tunc when the evidence
necessary to correct the judgment appears in the record. Rivera v.
State, 716 S.W.2d 68, 71 (Tex. App. 1986, pet ref'd); Harris v.
State, 670 S.W.2d 284, 285 (Tex. App. 1983, no pet.). And "there
is authority that there is a mandatory duty to do this." Waters v.
State, 127 S.W.2d 910, 910 (Tex. Cr. App. 1939).

 Appellate courts have frequently reformed judgments to
correct improper recitations or omissions when the necessary data
are available. See, e.g., Easterling v. State, 710 S.W.2d 569, 582
(Tex. Cr. App.) cert. denied, 479 U.S. 848 (1986) (reformed to
delete affirmative finding of use of deadly weapon); Banks v.
State, 708 S.W.2d 460, 462 (Tex. Cr. App. 1986) (cumulated
sentences); Tamez v. State, 620 S.W.2d 586, 590 (Tex. Cr. App.
1981) (reinstated fine); Harris v. State, 565 S.W.2d 66, 70 (Tex.
Cr. App. 1978) (reinstated punishment of fifteen years assessed by
the jury rather than ten years reflected in original judgment);
Joles v. State, 563 S.W.2d 619, 622 (Tex. Cr. App. 1978) (reformed
to reflect the proper nature of offense on which conviction was
based); Garza v. State, 705 S.W.2d 818, 820 (Tex. App. 1986, no
pet.) (inserted habitual offender findings).

 Appellate courts have also reformed judgments in
revocation of probation cases where necessary data were available. 
See, e.g., Mazloum v. State, 772 S.W.2d 131, 132 (Tex. Cr. App.
1989); Brewer v. State, 572 S.W.2d 719, 723 (Tex. Cr. App. 1978);
Cleland v. State, 572 S.W.2d 673, 675-76 (Tex. Cr. App. 1978);
Lujan v. State, 664 S.W.2d 737, 739 (Tex. App. 1983, no pet.).

 In Mazloum, the court held that a written order of
revocation of probation that stated an invalid reason for
revocation could be reformed on appeal to reflect the valid reason
found by the court but not mentioned in the order. In Boiles v.
State, 662 S.W.2d 170, 173 (Tex. App. 1983, no pet.), this Court
noted that a written order revoking probation controls over an oral
pronouncement of the trial judge, but held that error in judgments
and orders may be reformed and corrected on appeal if the reviewing
court has the necessary data and evidence before it to do so. 
There, the Court found no variance between the revocation motion,
the proof, and the trial court's rather general oral finding, while
the written judgment had no support in pleading or evidence. And
in Bell v. State, 774 S.W.2d 371, 378 (Tex. App. 1989, pet. ref'd),
this Court reformed the judgment of revocation to delete reference
to murder as a basis for revocation when such basis was not
supported by the evidence.

 In the instant case, the written judgment reflects that
the bases of the revocation were the same as the two probationary
violations alleged in the first motion to revoke probation on which
no hearing was conducted. Revocation followed a hearing on the
second motion to revoke in which the aforesaid allegations were not
repeated. There were no pleadings or proof to support the
recitations in the judgment. Hence, the judgment reflects invalid
reasons for the revocation of probation. This was an obvious
clerical error, (1) not an error of judicial reasoning. See Ex parte
Poe, 751 S.W.2d 873, 876 (Tex. Cr. App. 1988); Curry v. State, 720
S.W.2d 261, 263 (Tex. App. 1986, pet. ref'd).

 The second motion to revoke probation contained two
counts. At the hearing thereon, the State offered evidence only as
to the first count which alleged, in effect, that the appellant had
refused to be placed in the Stratford House Program for treatment. (2) 
This evidence was undisputed. At the conclusion of the hearing,
the trial court, in its rather general oral statement, found a
violation of probationary conditions and ordered revocation. No
clarification of the court's oral order was sought, and no request
was made for findings of fact or conclusions of law. Proof of any
one alleged violation of the terms of probation is sufficient to
support revocation. Moore v. State, 605 S.W.2d 924, 926 (Tex. Cr.
App. 1980).

 The intention of the trial court to revoke probation and
the basis for the revocation is clear from the record before us. 
We have the same information for reformation which would be
available to the trial court upon reversal of the conviction and
remand of the cause. Reformation here achieves a more prompt and
just result. See Lujan, 664 S.W.2d at 739. We reform the judgment
to reflect the basis to be appellant's refusal of the appellant to
be placed in the Stratford House Program for treatment as alleged
in the first count of the second motion to revoke probation. 
Appellant's point of error is overruled.

 Our action today constitutes no seal of approval for the
practices and procedure utilized in this cause as indicated by the
record. Careful attention to detail can avoid many unnecessary
appeals.

 As reformed, the judgment is affirmed.



 
 John F. Onion, Jr., Justice

[Before Justices Powers, Aboussie and Onion*]

Reformed and, as Reformed, Affirmed

Filed: June 26, 1991

[Do Not Publish]

















* Before John F. Onion, Jr., Presiding Judge (retired), Court of
Criminal Appeals, sitting by assignment. See Tex. Gov't Code
Ann. § 74.003 (1988).
1.   It is recognized in Texas that judgments in criminal
cases, unlike those in civil cases, are generally prepared by
clerks or other court personnel, and are not normally submitted
to the parties for approval as to form. See Asberry v. State,
No. 05-90-00025-CR, Tex. App.-- Dallas, May 2, 1991 (not yet
reported).
2.   No evidence was offered as to the second count alleging
that appellant failed to participate in the therapy sessions
"while in the Stratford House Program." Since the evidence
showed that appellant never entered the program, it is
understandable that the State did not seek to prove the second
count.