IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-141-CR





JOE MARTINEZ NATAL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. CR-89-419, HONORABLE CARL C. ANDERSON, JUDGE



 




 This appeal is taken from a conviction for aggravated
assault. After the jury found the appellant guilty, the trial
court assessed punishment. The court found the enhancement of
punishment allegations in the indictment as to two prior felony
convictions to be "true," and assessed appellant's punishment at
sixty (60) years' imprisonment.

 Appellant advances nine points of error. After
considering each one, we will affirm the judgment of conviction. 
Our discussion will not necessarily follow the order in which the
points are found in appellant's brief.

 In his second point of error, appellant contends the
trial court erred in overruling his motion to strike the jury panel
for the case on the ground that it did not represent a fair cross-section of the community.

 A violation of the Sixth Amendment of the United States
Constitution occurs where underrepresentation of a distinctive
group in the community results from a systematic exclusion of the
group in the jury selection process. See Duren v. Missouri, 439
U.S. 357, 364 (1979); Taylor v. Louisiana, 41 U.S. 522, 530-31
(1975). Appellant urges that he established by the testimony of a
county commissioner that the population of Hays County was 35 per
cent Hispanic, and that only 18 per cent of the jury panel or
venire were Hispanic. He asserts that he has a Spanish surname.

 Absent a showing of opportunity or method for the
systematic exclusion of a distinctive racial or ethnic group, a
disparity between ethnic composition of the county generally and
that of the jury panel does not violate a defendant's Sixth
Amendment right to a jury drawn from a fair cross-section of the
community. May v. State, 738 S.W.2d 261, 269 (Tex. Cr. App. 1987),
cert. denied, 484 U.S. 872 (1988). Thus, a disproportionate
representation in a single jury panel does not demonstrate the
systematic exclusion of distinctive groups in violation of a
defendant's Sixth Amendment rights. Id. at 269. Here, as in May,
the testimony shows that the panel was selected from a computerized
list of registered voters. No opportunity or method for systematic
exclusion was shown.

 In support of his contention, appellant cites only
Seubert v. State, 787 S.W.2d 68 (Tex. Cr. App. 1990), which is not
on point. Seubert held that a defendant in a criminal case does
not have a Sixth Amendment right to a petit jury representing a
fair cross-section of the community. Justice Scalia, writing for
the majority in Holland v. Illinois, ___ U.S. ___, 110 S.Ct. 803
(1990), carefully distinguished the difference between the fair
cross-section requirement applied to a venire from which the petit
jury is drawn and the makeup of the petit jury itself.

 Appellant argues that the evidence shows that the jury
wheel was filled only with the names of registered voters, although
article 35.07 of the Code of Criminal Procedure authorizes the use
of the names of persons having valid driver's licenses. Article
35.07 deals only with a challenge to the array. It has nothing to
do with the source of names to be placed in the jury wheel. 
Current voter registration lists from all precincts in the county
must be used in the annual reconstitution of the jury. See Tex.
Gov't Code Ann. § 62.001(b) (Supp. 1991). The use of voter
registration lists alone for jury duty has been approved, unless it
results in the systematic exclusion of a cognizable group or class
of qualified citizens. See United States v. Dangler, 422 F.2d 344,
345 (5th Cir. 1970); Granniel v. State, 552 S.W.2d 107, 120 (Tex.
Cr. App. 1976), cert. denied, 431 U.S. 933 (1977); Mead v. State,
759 S.W.2d 437, 445 (Tex. App. 1988, no pet.).

 Appellant apparently meant to rely upon another portion
of the Government Code. See Tex. Gov't Code Ann. § 62.001(c)
(Supp. 1991). This provision authorizes as an additional source of
names for jury duty the use of names of citizens holding valid
Texas driver's licenses. Section 62.001(c) is not applicable in
the instant case for two reasons. First, under the statute the use
of such names is discretionary with the commissioners court and the
district judges having jurisdiction in the county. The evidence
reflects no approval by these authorities of the use of such names. 
Second, the statute was not shown to be applicable to Hays County. 
By its very terms the statute applies only to a county in which the
municipality with the largest population is located in more than
one county.

 Appellant further argues that the evidence shows a
recognized pattern of avoidance of jury service by a refusal to
register to vote. He then merely asserts that the practice is most
prevalent among Hispanic citizens. Those who do not register to
vote are not a cognizable group or class. Mead, 759 S.W.2d at 445;
Phillips v. State, 654 S.W.2d 846, 848 (Tex. App. 1983, no pet.). 
Appellant has failed to demonstrate purposeful and systematic
exclusion of a cognizable group in the jury selection process. We
overrule point of error number two.

 In point of error number three, appellant challenges the
sufficiency of the evidence to sustain the conviction. He contends
that the evidence is insufficient to show that he used "a metal
object" in the commission of the offense as alleged in the
indictment.

 The complaining witness, Benjamin Gaytan, was married to
Patricia Salinas on October 30, 1986. At the time, Patricia
already had a son from an earlier relationship with the appellant
Natal. After the marriage, Patricia had a baby girl. Patricia
claimed at trial that this child was also the appellant's child.

 After the appellant was released on parole from prison,
he sought to resume his relationship with Patricia. Obvious
tensions arose. Patricia separated from Gaytan and moved in with
the appellant. After an altercation with the appellant on November
6, 1989, Patricia went to the hospital. Upon leaving the hospital,
she had a conversation with Gaytan and asked him to pick her up the
next morning when she completed her night shift at a local nursing
home.

 The next morning Gaytan and the little girl arrived at
the nursing home. Gaytan parked in the rear of the building and
waited in the car with his seat belt buckled. When Patricia came
out of the building, the evidence reflects that the appellant ran
from some bushes, opened the car door and began to stab Gaytan. 
Gaytan related that the appellant stated: "Here is where I wanted
to finish you off. You're the one I was going to kill."

 Later on direct examination, the record reflects:


 Q. Okay, Did he stab you once or more than once?


 A. I didn't count them, but it was approximately
12-15.


 Q. Okay. And were you able to see what he was
stabbing you with?


 A. I saw something. It looked like a screwdriver
or an icepick.


 A. Was it -- do you know whether or not it was
definitely a metal object?


 A. Yes.


 Q. Okay. And what was the defendant doing with this
metal object?


 A. He was hitting me with it or --


 Q. Was he stabbing you with it?


 A. Stabbing, yeah.



On the cross-examination of Gaytan; the record reflects:



 Q. So you didn't see what he stabbed you with?


 A. Yes. I did see something metal. I mean it was
something made out of metal -- something metal.


 Q. Did it have a handle?


 A. I just saw the metal part of it.


 Q. What was he holding?


 A. It looked like a screwdriver or an icepick. I am
not sure. But it was metal -- it was something
made out of metal.



 Dr. John Whisenant testified that he treated Benjamin
Gaytan in the emergency room of the Central Texas Medical Center on
November 7, 1989, at about 8 a.m. He found Gaytan to be suffering
from numerous puncture wounds around his face, neck, and chest. 
Dr. Whisenant described wounds above and below an eye, a wound to
the nose which went through the right nostril into the nasal
passage, and wounds to the armpit area, the side of the chest and
to the back. The doctor related that the wounds were consistent
with having been made by a screwdriver or some other metal-like
object.

 Jurors are the triers of fact, the judges of the
credibility of the witnesses and the weight to be given to their
testimony. Tex. Code Cr. P. Ann. art. 38.04 (1979). The jury is
entitled to accept or reject all or any part of the testimony by
the witnesses for the State and accused. Beardsley v. State, 738
S.W.2d 681, 684 (Tex. Cr. App. 1987). Reconciliation of
evidentiary conflicts is solely a function of the trier of fact. 
Bowden v. State, 628 S.W.2d 782, 784 (Tex. Cr. App. 1982).

 The standard for reviewing the sufficiency of the
evidence is whether, viewing the evidence in the light most
favorable to the jury's verdict, any rational trier of fact could
have found the essential elements of the offense charged beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 n.12
(1979); Valdez v. State, 776 S.W.2d 163, 165 (Tex. Cr. App. 1989);
Dickey v. State, 693 S.W.2d 386, 387 (Tex. Cr. App. 1984). The
standard for review is the same in both direct and circumstantial
evidence cases. Chambers v. State, 711 S.W.2d 240, 244-45 (Tex.
Cr. App. 1986).

 We conclude, viewing the evidence in the light most
favorable to the jury's verdict, that any rational trier of fact
could have found beyond a reasonable doubt all the essential
elements of the offense charged, including the allegation that the
complaining witness was stabbed with a "metal object." We overrule
point of error number three.

 In the initial point of error, appellant contends that
the trial court erred in admitting, over objection, the testimony
of Dr. John Whisenant. Appellant argues that the trial court had
ordered the State to furnish him a list of State's witnesses at
least seven days prior to trial; that the State had not complied
with the order with regard to Dr. Whisenant; and that his objection
on this basis should have been sustained.

 The State conceded to the trial court that Whisenant's
name was not on the first subpoena list, but noted that in a
pretrial conference the prosecutor gave appellant's counsel a copy
of the medical records signed by Dr. Whisenant, and informed
counsel that the doctor would be called as a State's witness. The
State further noted that Dr. Whisenant's name was on the second
subpoena list filed in the court during the week before the trial. 
Appellant's counsel disputed that he had been informed Whisenant
would be a witness, but acknowledged he had received the medical
records six days before trial. The State countered with the
observation that seven days had elapsed before the witness was
called to testify. The trial court overruled the objection and
permitted the doctor to testify.

 The names of witnesses should be disclosed upon proper
motion of the defendant if they will be used by the State at any
stage of the trial. Richardson v. State, 744 S.W.2d 65, 77 (Tex.
Cr. App. 1987); Hightower v. State, 629 S.W.2d 920, 925 (Tex. Cr.
App. 1981). If a witness, whose name is not on a witness list
furnished the defendant, is permitted to testify, the standard of
review is whether the trial court abused its discretion in allowing
the witness to testify. Bridge v. State, 726 S.W.2d 558, 566-67
(Tex. Cr. App. 1986). Factors to be considered in determining
whether an abuse of discretion occurred include whether the
prosecutor in bad faith failed to disclose, ahead of time, the name
of the witness, and whether the defendant could have reasonably
anticipated that the witness would testify despite the absence of
his name on any witness list. Richardson, 744 S.W.2d at 77;
Bridge, 726 S.W.2d at 567; see also Stoker v. State, 788 S.W.2d 1,
15 (Tex. Cr. App. 1989).

 In the instant case there was no showing of any bad faith
on the part of the prosecutor and ample evidence to show that the
appellant could have reasonably anticipated the calling of
Dr. Whisenant as a witness. The trial court did not abuse its
discretion. We overule the first point of error.

 In his eighth point of error, appellant urges that the
trial court erred in denying a motion for a mistrial when, during
trial, it was disclosed that the complaining witness had been
treated by a second medical doctor on the day of the alleged
offense and that this doctor might have provided testimony
beneficial to the defense regarding the nature and cause of the
injury to the complaining witness.

 Dr. Whisenant's testimony revealed that after treatment
in the emergency room of the Central Texas Medical Center, he had
sent the complaining witness to the office of a Dr. Tomaneng for
further treatment of the most serious injury, a wound to the nose
and nose cavity. At this point in the trial, appellant moved for
a mistrial because the State had failed to reveal the Tomameng
report in violation of the court's order to disclose exculpatory
evidence. The State responded that it did not possess any such
report and that the evidence was not exculpatory. The court
overruled the mistrial motion. Appellant did not move for a
continuance or request a subpoena for Dr. Tomaneng.

 Appellant merely states what occurred. He does not
present argument or cite any authority. In such a case, nothing is
presented for review. See Beaubrum v. State, 735 S.W.2d 489, 491
(Tex. App. 1987, pet. ref'd). See also Foster v. State, 779 S.W.2d
845, 864 (Tex. Cr. App. 1989). Point of error number eight is
overruled.

 In point of error number seven, appellant contends that
the trial court erred "by permitting the State to discuss before
the jury, after objection by appellant, the affidavit of non-prosecution signed by Patricia Gaytan." Appellant fails to set
forth the facts pertinent to such point and makes no reference to
the pages where the same may be found in the record. He cites no
authorities. Appellant has not complied with the requisites of
argument in an appellate brief. See Tex. R. App. P. Ann. 74(f)
(Pamph. 1991). The only argument presented under this point
relates to the State's failure to comply with a granted motion for
exculpatory evidence and to deliver the affidavit to appellant
until after the trial had commenced. Appellant claims the State's
action damaged his ability to prepare adequately for trial. This
argument is at odds with the stated point of error. We overrule
the seventh point of error.

 Appellant, in his sixth point of error, contends that the
trial court erred in overruling his objection to the admission into
evidence of a police investigatory statement signed by Patricia
Gaytan. Appellant makes only a general statement in support of
such contention, claiming a denial of due process in violation of
the federal and state constitutions. He does not refer to the page
number of the record on which his objection may be found or on
which the statement was admitted into evidence. Appellant does not
tell us the nature of his objection or identify the statement's
exhibit number. He cites no case law. He has not complied with
the briefing rules. See Tex. R. App. P. Ann. 74(f) (Pamph. 1991). 
It appears the contention may well relate to the State's
impeachment of its own witness. See Tex. R. Crim. Evid. Ann. 607
(Pamph. 1991); Bell v. State, 768 S.W.2d 790, 803 (Tex. App. 1989,
pet. ref'd). Neither party briefs the contention along these
lines, and nothing is presented for review. We overrule the sixth
point of error.

 Appellant, in his fifth point of error, contends the
trial court erred in overruling his motion in arrest of judgment. 
See Tex. R. App. P. Ann. 33, 34 (Pamph. 1991). In the point of
error itself, appellant states the motion "was premised on the
grounds that because of inclusion of a juror who was not truthful
during voir dire and at the hearing on appellant's motion in arrest
of judgment, the jury was illegally composed."

 Rule 33 provides:


 (a) Definition. A motion in arrest of judgment is an
oral or written suggestion to the trial court by an
accused that judgment was not rendered against him
in accordance with law for reasons stated in the
motion.


 (b) Grounds. A motion may state a reason that is a
ground provided for an exception to substance of an
indictment or information or that in relation to
the indictment or information a verdict is
defective in substance, or any other reason that
renders the judgment invalid.



(Emphasis supplied.)


 Rule 34(a) provides:



 (a) Time to Make. A motion in arrest of judgment, if
made, may be made prior to, or shall be made within
thirty days after, date sentence is imposed or
suspended in open court.



(Emphasis supplied.)

 Sentence was imposed on March 29, 1990. The record shows
that on May 3, 1990, appellant's counsel telephoned the trial judge
requesting a hearing on his motion in arrest of judgment. A
hearing was set for June 11, 1990. At such hearing it was
discovered that no oral or written motion or suggestion had been
timely made stating reasons to arrest the judgment. Appellant did
not comply with Rules 33 and 34. The trial court, upon the request
of the appellant and at the suggestion of the State, agreed to
conduct an evidentiary hearing. At the conclusion of the hearing,
the trial court overruled the motion.

 The Rules make no provision for late filing or amendment
of a motion in arrest of judgment, even with leave of court. See
and cf. Port v. State, 798 S.W.2d 839, 846-47 (Tex. App. 1990, pet.
ref'd); see also Drew v. State, 743 S.W.2d 207, 222-23 (Tex. Cr.
App. 1987). The right to move for or to amend a motion in arrest
of judgment is purely statutory. The remedy must be pursued in the
manner prescribed by the statute or rule. Drew, 743 S.W.2d at 223. 
Further, if the trial court conducts a hearing on an untimely
presented motion in arrest of judgment, the evidentiary hearing
will not be considered on appeal. See Hadnot v. State, 310 S.W.2d
90 (Tex. Cr. App. 1958); McNatt v. State, 91 S.W.2d 1068, 1070
(Tex. Cr. App. 1936); cf. Schneider v. State, 594 S.W.2d 415, 418
(Tex. Cr. App. 1980); Groh v. State, 725 S.W.2d 282, 285 (Tex. App.
1986, pet. ref'd). We find nothing in Rule 33 or 34 that calls for
an interpretation different from cases decided under former
statutes. Even if the evidentiary hearing could be considered, it
is clear the trial court as trier of fact did not abuse its
discretion. The evidence did not support appellant's contentions. 
Point of error number five is overruled.

 The fourth point of error advances the contention that
the "commitment" (1) found in the record is fatally defective in that
it reflects appellant entered a plea of guilty when in fact he
entered a plea of not guilty. The judgment and sentence reflect
the proper plea. It is only the commitment that contains the
complained-of error. The State acknowledges the clerical error and
requests reformation.

 This Court has the power to correct and reform the
commitment of the court below to make the record speak the truth
when it has the necessary data and information to do so, and to
make any appropriate order "as the law and the nature of the case
may require." See Tex. R. App. P. Ann. 80(b) and (c) (Pamph.
1991). See also Lujan v. State, 664 S.W.2d 737, 739 (Tex. App.
1983, no pet.). The commitment issued by the clerk is reformed to
reflect that the appellant entered a plea of not guilty. We
overrule point of error number four.

 In his ninth point of error, appellant complains the
trial court erred in permitting the substitution of evidence in the
appellate record without giving him notice and affording him a
hearing. The record shows that after the assault, the complaining
witness freed himself from the car seat belt. He obtained the hand
gun he had been carrying, and fired it into the air or in the
direction in which the appellant had fled. The police recovered
the gun. It was introduced into evidence as State's exhibit number
2.

 The trial judge was a visiting judge. Sometime after the
trial, the State filed a written motion requesting to substitute a
photograph of the gun in question for State's exhibit number 2, and
to withdraw the gun so that it could be returned to the complaining
witness. The motion was presented ex parte to the "regular" judge
of the court, who granted the motion. The State agrees the ex
parte procedure was improper, but urges that the gun does not
relate to any issue on appeal.

 The ex parte procedure was improper. Appellant should
have been given notice and afforded an opportunity to be heard on
the motion. The gun does not appear to relate to any other issue
on appeal. Appellant fails to point out just how he is harmed on
appeal by having a photograph in the record rather than the actual
weapon. We will overrule the ninth point of error.

 The judgment is affirmed.


 

 John F. Onion, Jr. Justice

[Before Justices Powers, Aboussie and Onion*]

Affirmed

Filed: July 24, 1991

[Do Not Publish]













* Before John F. Onion, Jr., Presiding Judge (retired), Court of
Criminal Appeals, sitting by assignment. See Tex. Gov't Code
Ann. § 74.003(b) (1988).
1. See Tex. Code Cr. P. Ann. art. 42.09(3) (Supp. 1991).